MEMORANDUM *
Parshotam Lai, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) decision affirming an Immigration Judge’s (“IJ”) denial of his applications for asylum, withholding of removal, and protection under the Convention Against- Torture (“CAT”) and denying his motion to supplement the record. To the extent we have jurisdiction over this appeal, it is granted by 8 U.S.C. § 1252. We review the agency’s factual findings for substantial evidence. Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir.2006). We review the BIA’s denial of a motion to remand for an abuse of discretion. Malhi v. INS, 336 F.3d 989, 993 (9th Cir.2003). We review claims of due process violations de novo. Ibarm-Flores v. Gonzales, 439 F.3d 614, 620 (9th Cir.2006). We deny in part and dismiss in part the petition for review.
Lai does not dispute that he filed his asylum application more than one year after he arrived in the United States. Because he demonstrated no changed circumstances that would excuse the untimely filing, he is ineligible for asylum. 8 U.S.C. § 1158(a)(2)(B), (D); Ramadan v. Gonzales, 479 F.3d 646, 648 (9th Cir.2007) (per curiam).
Substantial evidence supports the BIA’s holding that Lai is ineligible for withholding of removal and CAT relief. The police were investigating recent terrorist activity and therefore had a legitimate prosecutorial motive for detaining Lai for questioning. Lai has not established that an imputed political opinion was “at least one central reason” for his detention. See Parussimova v. Mukasey, 555 F.3d 734, 741 (9th Cir.2009). Lai also has not established that the Akali Dal Mann members’ threats rose to the level of persecution. See Lim v. INS, 224 F.3d 929, 936 (9th Cir.2000) (“Threats standing alone ... constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.” (internal quotation omitted)). Furthermore, the evidence does not compel the conclusion that it is more likely than not that Lai would be persecuted or tortured in the future if he is returned to India. Lai was able to live in India for five years without further incident before coming to the United States.
The BIA did not abuse its discretion when it denied Lai’s motion to supplement the record, which it construed as a motion to remand. “Aliens who seek to *857 remand or reopen proceedings to pursue relief bear a ‘heavy burden’ of proving that, if proceedings were reopened, the new evidence would likely change the result in the case.” Shin v. Mukasey, 547 F.3d 1019, 1025 (9th Cir.2008). Lai’s proffered documents merely restate his credible testimony; they do not establish a prima facie case for relief. Similarly, Lai’s claims that the BIA and the IJ violated his due process rights lack merit because Lai has not demonstrated that any error resulted in prejudice. See Ibarra-Flores, 439 F.3d at 620-21 (requiring prejudice to prevail on a due process challenge).
We lack jurisdiction to review the discretionary denial of Lai’s request for voluntary departure. See 8 U.S.C. §§ 1229c(f), 1262(a)(2)(B)©. We therefore dismiss the petition for review with respect to Lai’s voluntary departure claim.
The petition for review is DENIED in part and DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.