**Victor Lorenzo BAZAN–DIAZ; Adela Ester Quintana De Bazan, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–71897.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 2009.

Filed May 11, 2009.

Alisa S. Thomas, Law Offices of Alisa S. Thomas, Santa Cruz, CA, for Petitioners.

Lyle Davis Jentzer, Esquire, OIL, Kenneth W. Rosenberg, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before D.W. NELSON, BERZON and CLIFTON, Circuit Judges.

## MEMORANDUM *

Petitioners Victor Lorenzo Bazan–Diaz and Adela Ester Quintana de Bazan petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition.

"We review the IJ and BIA's adverse credibility finding for substantial evidence." *Soto–Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir.2009). "We review questions of law, including due process challenges, *de novo*." *Shin v. Mukasey*, 547 F.3d 1019, 1023 (9th Cir.2008).

### I. Adverse Credibility Finding and Due Process

Bazan–Diaz challenges the IJ's adverse credibility determination. He argues that, in making this determination, the IJ im-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

properly relied on hearsay statements by Peruvian officials whom Bazan–Diaz did not have the opportunity to cross-examine. He further contends that the IJ may have found his testimony credible if this hearsay evidence had been excluded. We disagree.

An alien in removal proceedings "shall have a reasonable opportunity to ... cross-examine witnesses presented by the Government." 8 U.S.C. § 1229a(b)(4)(B). Concerned that the government's routine use of hearsay statements in lieu of live witnesses could frustrate this statutory right, this circuit requires that hearsay evidence be probative and fundamentally fair to be admissible. *See Hernandez–Guadarrama v. Ashcroft*, 394 F.3d 674, 681 (9th Cir.2005). Even where the admission of hearsay evidence was fundamentally unfair, however, this court will only reverse the BIA's decision on due process grounds if "the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 621 (9th Cir.2006) (internal quotation marks omitted).

■ Here, we need not decide whether the admission of Ms. Cooper's affidavit was fundamentally unfair, because petitioners cannot demonstrate prejudice. The IJ's denial of petitioners' application resulted from his adverse credibility finding. This finding was based primarily on the "substantial and material inconsistencies" among Bazan–Diaz's Application, his Declaration, and his hearing testimony, as well as the IJ's finding that his testimony was "vague and lacking in detail," and "largely implausible and unpersuasive." These inconsistencies include: (1) Bazan Diaz's contradictory accounts of when and how he came to the attention of the Shining Path; (2) the conflicting evidence regarding the shooting of Bazan–Diaz's brother-in-law, Colonel Calderon, including whether Bazan–Diaz was the intended target and whether he was serving as Calderon's bodyguard; and (3) Bazan–Diaz's differing accounts of his discharge from the Air Force. These "repeated and significant inconsistencies" "go to the heart of" petitioners' claim, depriving it of the "requisite 'ring of truth.'" *Kaur v. Gonzales*, 418 F.3d 1061, 1064, 1067 (9th Cir.2005). Bazan–Diaz was afforded an opportunity to explain these inconsistencies during the hearing, but the IJ reasonably found these explanations unconvincing. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007).

Ms. Cooper's affidavit and the attached statements from the Peruvian hearsay declarants revealed additional inconsistencies in petitioners' story and bolstered the IJ's adverse credibility finding. The evidence presented in the affidavit was not, however, necessary to that finding. Moreover, the IJ explicitly gave Ms. Cooper's affidavit "less weight than if the affiants had been available for cross-examination."

In sum, because there is nothing to suggest the IJ would have found petitioners credible in the absence of Ms. Cooper's affidavit, petitioners have failed to show that "the outcome of the proceeding may have been affected by the alleged violation." *Ibarra–Flores*, 439 F.3d at 621.

## II. Merits

After determining that Bazan–Diaz was not credible, the IJ found that petitioners had failed to adduce sufficient evidence to show either past persecution or a well-founded fear of future persecution and that they were therefore ineligible for asylum. The record does not compel a contrary conclusion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

"An alien who fails to establish eligibility for asylum 'necessarily fails to establish eligibility for withholding of deportation.'" *Molina–Morales v. INS,* 237 F.3d 1048, 1051 (9th Cir.2001) (quoting *Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999)). The IJ therefore properly rejected petitioners' withholding of removal claim.

"A failure to establish eligibility for asylum does not necessarily doom an application for relief under the United Nations Convention Against Torture...." *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). Where, however, the petitioners' CAT claims "are based on the same statements ... that the BIA determined to be not credible," and the petitioners "point[ ] to no other evidence that ... the BIA should have considered in making its [CAT] determination," this court's affirmation of the adverse credibility finding requires that it "similarly affirm the rejection of ... [the petitioners'] claim under the Convention Against Torture." *Id.* at 1157. Such is the case here. Accordingly, the IJ properly dismissed petitioners' claim for relief under CAT.

Bazan–Diaz has had the opportunity to file a motion to reopen with the BIA, so that the Board may consider his adjustment of status application, for several months. He has not done so. He may file the motion before the mandate issues in this case, which will occur after the time for petitioning for rehearing expires.

**DENIED.**