**BIN CHAI, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**Bin Chai, Petitioner,**

v.

**Eric H. Holder Jr., Attorney General, Respondent.**

Nos. 05–73431, 05–76291.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2009.*

Filed June 18, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jim Li, Esquire, Jim Li & Associates, P.C., New York, NY, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Erica Miles, Oil, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: TROTT, McKEOWN, and IKUTA, Circuit Judges.

## MEMORANDUM **

The IJ's determination that Chai's national identification card was fraudulent was supported by substantial evidence. Chai's submission of the fraudulent national identification card in his application before the immigration judge, and his failure to adequately explain his reasons for using such a card, cut to the heart of Chai's asylum claim. *See Akinmade v. INS,* 196 F.3d 951, 956 (9th Cir.1999). The IJ's determination that Chai gave inconsistent testimony about discrepancies in the photographs in his driver's license and notarial birth certificate was also supported by substantial evidence. The IJ found Chai's demeanor to be defensive and contradictory, a finding which supports the adverse credibility determination. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151–52 (9th Cir.1999). Accordingly, substantial evidence supports the IJ's adverse credibility finding. *See Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004).

Chai's argument that the IJ contradicted herself fails, because the IJ's finding that Chai was removable to China does not speak to Chai's credibility. Given the IJ's

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

adverse credibility determination, substantial evidence supports the IJ's determination that Chai failed to establish eligibility for asylum.

■ The BIA did not err in denying Chai's motion to reopen. Chai cited *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), in his motion to reopen, but he did not allege that his counsel was ineffective. Rather, Chai indicated that, in his view, the attorney's explanations regarding why he never obtained a notarial certificate of residence were satisfactory. Therefore, Chai's argument that the BIA ignored his ineffective assistance of counsel claim is meritless. Moreover, Chai failed to demonstrate that the new evidence he presented to the BIA, including a notarial certificate of residence, was not previously available and could not have been submitted at his hearing before the IJ. *See* 8 C.F.R. § 1003.2(c)(1). Nor did Chai demonstrate that the new evidence would likely change the result in his case. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (citing *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992)). Accordingly, the BIA did not abuse its discretion by denying Chai's motion to reopen. *See Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008).

**PETITION DENIED.**