**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SE YOUNG AN; MI JUNG AN, a.k.a. Mi Jung Jin; EUI LEE AN; JOO LEE AN, <br><br>               Petitioners, <br><br>   v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br>               Respondent. | No. 08-73538 <br><br> Agency Nos. A096-062-395 <br> A096-062-394 <br> A096-062-396 <br> A096-062-397 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:      O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

     Mi Jung An and family, natives and citizens of South Korea, petition pro se

for review of the Board of Immigration Appeals' order dismissing their appeal

from the immigration judge's ("IJ") removal order. We have jurisdiction under 8

U.S.C. § 1252. We review for abuse of discretion the denial of motions to

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

continue, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam), and review de novo questions of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The IJ did not abuse his discretion in denying petitioners' seventh request for a continuance over a three-year period where petitioners' eligibility for relief was speculative. *See Sandoval-Luna*, 526 F.3d at 1247 (no abuse of discretion in denying a motion to continue where relief was not immediately available).

The agency properly determined that it lacked jurisdiction to review the denial of Mi Jung An's Form I-140 Immigrant Petition for Alien Worker. *See Matter of Marcal Neto*, 25 I. & N. Dec. 169, 174 (BIA 2010) (the IJ and the BIA do not have jurisdiction over visa petitions); 8 C.F.R. § 204.5(b), (n)(2). The agency properly concluded that petitioners were ineligible for adjustment of status. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (petitioner had not shown prima facie eligibility for adjustment of status where she failed to submit evidence of an approved I-140).

Petitioners' remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**

08-73538