**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS HUMBERTO DE PAZ FRANCO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-73377 <br><br> Agency No. A071-585-624 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Carlos Humberto De Paz Franco, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") removal order. We have

jurisdiction under 8 U.S.C. § 1252. We review de novo constitutional claims and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

questions of law and review for substantial evidence the agency's factual findings, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009), and we review for abuse of discretion the BIA's denial of a motion to remand, *Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1011 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that De Paz Franco participated in alien smuggling as defined in 8 U.S.C. § 1182(a)(6)(E)(i) where the record reflects that he admitted the factual allegation of alien smuggling and conceded the charge of removability. *See Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1024 (9th Cir. 2008) (finding substantial evidence for removability where petitioner admitted factual allegation and conceded removability).

The BIA did not abuse its discretion in denying De Paz Franco's motion to remand, where the IJ had expressly afforded him the opportunity to litigate the factual allegation that he had participated in alien smuggling and he opted instead to admit the allegation and concede the charge of removability. *See Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2009) ("The formal requirements of a motion to remand and a motion to reopen are the same."); *see also* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.").

We agree with the BIA that the proceedings were not "so fundamentally unfair that [De Paz Franco] was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (citation omitted). Moreover, De Paz Franco failed to demonstrate that additional testimony would have affected the outcome of proceedings. *See id.* (requiring prejudice to prevail on a due process challenge); *see also Samayoa-Martinez v. Holder*, 558 F.3d 897, 901-02 (9th Cir. 2009) (the obligation under 8 C.F.R. § 287.3 to notify the alien of his rights does not attach until the filing of the Notice to Appear).

The agency therefore did not err in denying De Paz Franco's applications for special rule cancellation of removal, 8 C.F.R. § 1240.66(b)(3), and voluntary departure, 8 U.S.C. § 1229c(b)(1)(B). *See* 8 U.S.C. § 1101(f)(3).

**PETITION FOR REVIEW DENIED.**