**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

YOUNG SUN SHIN,
                              *Petitioner,*

                    v.

MICHAEL B. MUKASEY, Attorney
General,
                              *Respondent.*

Nos. 06-71955
        06-74052

Agency No.
A72-976-144

ORDER AND
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 7, 2007—San Francisco, California

Filed October 23, 2008

Before: Dorothy W. Nelson and Carlos T. Bea,
Circuit Judges, and Louis F. Oberdorfer,*
Senior District Judge.

Opinion by Judge Bea

---

*The Honorable Louis F. Oberdorfer, Senior United States District
Judge for the District of Columbia, sitting by designation.

14779

## COUNSEL

Alex Park, Santa Clara, California, for the petitioner.

William Roppolo, Liquita Thompson, Celina Joachim, Jordan Faykus, Kendra Massumi, Baker & McKenzie LPP, Miami, Florida, Pro Bono Amicus Curiae for the petitioner.

Peter Keisler, James Grimes, Sarah Maloney, United States Department of Justice, Washington, D.C., for the respondent.

## ORDER

The petition for panel rehearing is granted in part. The motion to file a petition for rehearing by amicus curiae is denied. The opinion filed earlier is withdrawn, and the attached opinion filed today is substituted in its place.

## OPINION

BEA, Circuit Judge:

We consider today whether an alien who overstayed her tourist visa, and then paid $10,000 for the purchase of a fraudulent alien registration card (known as a "green card") manufactured by a corrupt federal immigration employee, can bar the government from removing her from this country on the grounds the government is estopped to assert the green card is bogus. Unsurprisingly, we hold the government cannot be

saddled with the felonious, unauthorized issuance of residency documentation by a thieving employee.

Young Sun Shin petitions for review from a final order of removal from the Board of Immigration Appeals ("BIA") and from the BIA's denial of her motion to reopen. Petitioner also seeks a remand to file a second motion to reopen. Petitioner claims the government failed to meet its burden of showing she was removable. As a fallback, she claims that, because government employee Leland Sustaire engaged in affirmative misconduct, the government should be estopped from removing her. Petitioner expressly conceded removability. She did not apply for any form of relief from removability. Her due process violation claims are without merit. Hence, we deny her petition for review of the removal order.

Petitioner also seeks reconsideration of the BIA's denial of her motion to reopen and she seeks a remand to file a second motion to reopen to adjust her status. The BIA denied her motion to reopen because petitioner failed to attach the necessary documentation showing she was entitled to adjust her status. Because petitioner does not now demonstrate she would be entitled to adjust her status on remand, nor that the BIA's denial of her motion to reopen was error, her petition for review from the denial of her motion to reopen and her motion to remand are also denied.

I.

Petitioner, a native and citizen of the Republic of Korea ("South Korea"), originally entered the United States in June of 1993 on a tourist visa that allowed her to remain for six months. In October of 1994, petitioner received an alien registration card (a "green card") which adjusted her status to a lawful permanent resident. The card allowed her to stay in the United States as the spouse of a skilled worker or professional holding a baccalaureate degree. At the time, petitioner had no husband; she had been divorced for three years. What is more,

her former husband, who had never been to the United States, held only a high school diploma.

Petitioner obtained her permanent resident status through Kyun Min Lee ("Lee"), a runner for Leland Sustaire, who was using his government position to sell fraudulent green cards. For a complete background on Sustaire and the conspiracy, see this court's opinion in *Hong v. Mukasey*, No. 06-72823.

Petitioner paid Lee $10,000 to obtain her green card. She never went to an Immigration and Naturalization Office ("INS") office, nor was she interviewed by an INS agent. Petitioner claims she was unaware of the fraud until she saw an article about Lee's indictment in 2000.

Sustaire had compiled a list of "A" numbers that identified aliens who had obtained unlawful changes in their status as a result of his fraudulent scheme. Petitioner's number appeared on this list. Petitioner came to the attention of the INS when, as part of a plea bargain, Sustaire's attorney delivered the list to the Department of Homeland Security's ("DHS") Office of the Inspector General. Petitioner was charged with removability for being an alien not in possession of valid documents for admission under Immigration and Nationality Act ("INA") § 237(a)(1)(A), *codified at* 8 U.S.C. § 1227(a)(1)(A), and for remaining in the United States for a time longer than permitted under INA § 237(a)(1)(B), *codified at* 8 U.S.C. § 1227(a)(1)(B).

At the hearing, in exchange for the government's agreement to drop an additional fraud charge pending against petitioner, petitioner conceded she did not possess valid immigration documents. Petitioner denied the charge that she had remained in the United States longer than permitted. However, she did not apply for any form of relief from removal.

The Immigration Judge ("IJ") sustained both charges of removability and ordered petitioner removed to South Korea.

The IJ declined to address petitioner's argument that the government had "unclean hands" in the removal proceeding because of Sustaire's misconduct and, therefore, should be estopped from removing her.

On appeal, the BIA adopted and summarily affirmed the IJ's decision. Petitioner then filed a motion to reopen to file an application to adjust her status. In support of her motion to reopen, petitioner submitted a copy of her application and documentation of an approved labor certification. However, she failed to attach an approved I-140 Form (a petition to adjust her status to an alien worker) or other pertinent documentation, as required by 8 C.F.R. § 1003.2(c). Accordingly, the BIA denied her motion to reopen.

## II.

When the BIA adopts the decision of the IJ, we "review the IJ's decision as if it were that of the BIA." *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc).

We review "the IJ's findings of fact for substantial evidence and will uphold these findings if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1039-40 (quotation marks and citation omitted). We review questions of law, including due process challenges, *de novo*. *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 377 (9th Cir. 2003).

We have jurisdiction to review the BIA's final order of removal against petitioner. 8 U.S.C. § 1252.

Petitioner argues the government should be estopped from removing her due to Sustaire's actions. Under 8 U.S.C. § 1252(g), we have no "jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders . . . ." *See also*

*Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). However, we have jurisdiction over petitioner's equitable estoppel claim because it arises from actions taken by a corrupt government employee prior to any decision made by the Attorney General to commence proceedings against her. *See Wong v. United States*, 373 F.3d 952, 965 (9th Cir. 2004) (holding that "§ 1252(g) does not bar review of actions that occurred *prior* to any decision to 'commence proceedings' ").

### III.

**[1]** Substantial evidence supports the IJ's finding petitioner remained in the United States longer than permitted. Petitioner was admitted to the United States as a visitor for six months in 1993 and later obtained an invalid resident alien card as part of Sustaire's criminal, fraudulent scheme. On the basis of this documentary evidence and also considering Sustaire's testimony before the court, the IJ found "there is no doubt . . . [Shin] is not and has never been in possession of a valid resident alien card." The evidence proves the only lawful basis for petitioner's presence in the United States was her visitor's visa which allowed her to stay for only six months and expired in December of 1993. Hence, substantial evidence supports the IJ's ruling petitioner was removable for having remained in the United States longer than allowed by her valid immigration documents.

**[2]** Petitioner argues the government failed to meet its burden of showing she was removable under INA § 237(a)(1)(A). "The government has the initial burden of establishing the alien's deportability by clear and convincing evidence." *Estrada v. INS*, 775 F.2d 1018, 1020 (9th Cir. 1985). However, where the alien concedes removability, "the government's burden in this regard is satisfied." *Id.* At the hearing before the IJ, petitioner's counsel expressly conceded removability on the ground she was not in possession of valid documents for admission. Additionally, petitioner did not apply for

any form of relief from removability. On the basis of petitioner's concession, the government's burden is satisfied and petitioner's claim is without merit. *Id.*

IV.

**[3]** The transcript of Sustaire's confessional deposition, Sustaire's list of the "A" Numbers of aliens to whom he fraudulently gave green cards, and the records of criminal convictions in Sustaire's and Lee's cases, were all admitted at petitioner's hearing. In the interest of judicial economy, the IJ arranged for Sustaire to be deposed on two different dates, first by attorney Alex Park, who represented petitioner and over 100 other aliens, and then by the attorneys representing the remaining aliens. Petitioner, through counsel, objected to the use of Sustaire's consolidated testimony and now alleges the IJ violated her due process rights by admitting Sustaire's deposition testimony in her removal proceedings. We disagree.

**[4]** "In order to successfully attack by judicial proceedings the conclusions and orders made upon such [removal] hearings it must be shown that the proceedings were manifestly unfair" and that the actions of the IJ were such as to prevent a fair investigation. *Low Wah Suey v. Backus*, 225 U.S. 460, 468 (1912). Petitioner's proceeding was not so fundamentally unfair that she was prevented from reasonably presenting her case. Petitioner's counsel participated in Sustaire's deposition and was allowed to cross-examine him. Petitioner also had the benefit of hearing and comparing Sustaire's responses to other attorneys' questions. Additionally, during each alien's hearing, Sustaire was made available if additional testimony was needed. Most importantly, petitioner was given an individual hearing before an IJ where any defenses or claims for relief were heard. Because we find no procedural defect amounting to a due process violation in this procedure, petitioner's due process claim fails.

V.

**[5]** Petitioner contends the government should be equitably estopped from removing her. At the heart of her estoppel argument is the claim she was unaware "of the bribery and fraud committed by Sustaire," and she "relied on the issuance of the immigration papers and lived a productive life in the United States at the cost of . . . [pursuing] a life in South Korea."

Estoppel requires the following:

> (1) the Party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

*Watkins v. United States Army*, 875 F.2d 699, 709 (9th Cir. 1989) (en banc) (quotation marks and citation omitted). Here, Shin fails to qualify for estoppel because the party asserting estoppel "must be ignorant of the true facts." *Id*. at 709.

**[6]** The facts of the case demonstrate that Shin was not ignorant of the scheme, but was rather a participant. Shin entered the United States in June 1993 on a tourist visa. In October 1994, she paid a runner $10,000 to obtain a green card which adjusted her status to a lawful permanent resident. The card allowed her to stay in the United States as the spouse of a skilled worker or professional holding a baccalaureate degree. At the time, however, Shin had no husband. She was divorced. Furthermore, her husband, who had never been to the United States, held only a high school diploma. These facts make plain that Shin was not an innocent dupe, but rather a party who sought to benefit from Sustaire's scheme.

## VI.

**[7]** Petitioner also requests remand to the BIA so she may thereby file a second motion to reopen. A motion to reopen must, among other things, state the new facts to be considered at the reopened hearing and be supported by affidavits or other evidentiary materials demonstrating *prima facie* eligibility for the relief sought. 8 C.F.R. § 1003.2(c)(1). The BIA denied petitioner's initial request for reopening to apply for adjustment of status because she failed to submit a copy of an approved I-140 Form (a petition to adjust her status to an alien worker) or other documentation which would satisfy the regulatory requirements under 8 C.F.R. § 1003.2(c)(1). Although petitioner contends she has filed an I-140 Form, as was the case before, she did not include any documentation to show her application has been approved. Aliens who seek to remand or reopen proceedings to pursue relief bear a "heavy burden" of proving that, if proceedings were reopened, the new evidence would likely change the result in the case. *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992). Petitioner has not met this burden because she has failed to cure the defects that led to her motion to reopen being denied in the first place.

**[8]** Further, aliens are entitled to file only one motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2) (providing that a party may file only one motion to reopen proceedings and that motion must be filed within 90 days after the date on which a final administrative decision was filed). Petitioner is now barred from filing a second motion to reopen. *Id.* Accordingly, petitioner's motion to remand to file a second motion to reopen is denied.

**DENIED.**