MEMORANDUM ****
We lack jurisdiction to review Gutierrez-Lugo’s challenge to the Board of Immigration Appeals’ (“BIA”) discretionary determination that he failed to show his removal would result in exceptional and extremely unusual hardship to his United States citizen children. See Romero-Torres v. Ashcroft, 327 F.3d 887, 890 (9th Cir.2003). The additional evidence presented by Gutierrez-Lugo, namely, that the deterioration in his health will hinder his ability to care for his U.S. citizen children, addresses a hardship ground that is not sufficiently distinct from the claim of hardship in his original application for cancellation of removal. We therefore lack jurisdiction to review the BIA’s discretionary determination that this evidence would not alter its prior discretionary determination that Gutierrez-Lugo failed to establish the requisite hardship to a qualifying relative for cancellation of removal. See Fernandez v. Gonzales, 439 F.3d 592, 600 (9th Cir.2006).
Further, Petitioners did not offer any new evidence on the issues of the parents’ good moral character or the sons’ lack of a qualifying relative, which are independent and sufficient reasons for the denial of cancellation of removal for the parents and sons, respectively. Accordingly, their application for cancellation of removal would have been denied again even if reznoval proceedings were reopened, and therefore the BIA did not abuse its discretion in denying the motion to reopen. 8 C.F.R. § 1003.2(c); Shin v. Mukasey, 547 F.3d 1019, 1025 (9th Cir.2008).
The stay of removal remains in effect until issuance of the znandate in this case, thus giving petitioners tizne to coznply with the conditions of voluntary departure.
DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.