AMENDED MEMORANDUM *
Byung Hoon Chung and Duk Bong Chung, and their dependent children, Myung Bin Chung and Kou Chul Chung (collectively “the Chungs”), appeal the Board of Immigration Appeals’s (“BIA”) affirmance of an Immigration Judge’s (“IJ”) determination that they are removable under INA §§ 237(a)(1)(A) and 212(a)(7)(A)(i)(I), as aliens not in possession of valid documents of admission. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.
The Chungs devote a great deal of their brief to discussion of the standards for review of petitions for habeas corpus. No habeas petition filed on behalf of the Chungs is before us for review, and we therefore do not address those arguments. Similarly, because the fraud charges against the Chungs were dropped, we do not address their arguments regarding the sufficiency of the government’s evidence of fraud.
The Chungs conceded removability. Thus the government’s “initial burden of establishing the alien[s’] deportability by clear and convincing evidence” was satisfied, and the IJ’s determination that the Chungs are removable was not error. Estrada v. INS, 775 F.2d 1018, 1020 (9th Cir.1985). Although neither the IJ nor the BIA expressly relied on this concession, there was sufficient evidence in the record to support the determination of removability. Sinotes-Cruz v. Gonzales, 468 F.3d *951 1190, 1195 (9th Cir.2006) (“A determination of removability by an IJ or the BIA must be ‘based upon reasonable, substantial, and probative evidence.’ ” (quoting 8 U.S.C. § 1229a(c)(3)(A))). Because the finding of removability was based on sufficient evidence, and because the Chungs allege no other basis for a due process violation, their argument that “the immigration court may be estopped from deportation for violations of due process” also fails.
The Chungs’ argument that the government should be equitably estopped from pursuing their removal is equally unavailing. The Chungs claim that they were the victims of a fraud committed by a supervisory official at the INS. See generally Shin v. Mukasey, 547 F.3d 1019, 1022-23 (9th Cir.2008) (describing the fraud scheme that the Chungs claim extended to them). To succeed on their estoppel argument against the government, the Chungs must show, among other things, that “the potential injustice to [them] outweighs the possibility of damage to the public interest....” Salgado-Diaz v. Gonzales, 395 F.3d 1158, 1166 (9th Cir.2005). The Chungs do not satisfy this requirement, particularly because they concede that they were not eligible for employment-based lawful permanent resident status at the time of the fraud. “[Ejstoppel against the government is unavailable where petitioners have not lost any rights to which they were entitled.” Sulit v. Schiltgen, 213 F.3d 449, 454 (9th Cir.2000).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.