**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEE SOON PARK; YUN JA PARK; SOON YONG PARK; KYU CHUL PARK, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER JR., Attorney General, <br><br> Respondent. | No. 06-71951 <br><br> Agency Nos. A072-972-500 <br> A072-972-501 <br> A072-972-502 <br> A072-972-503 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2010[**]
San Francisco, California

Before: WALLACE, GRABER, and McKEOWN, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lee Soon Park, Yun Ja Park, Soon Yong Park, and Kyu Chul Park (together, "the Parks"), all natives and citizens of South Korea, petition for review of the decision of the Board of Immigration Appeals ("BIA") ordering their removal. The Parks number among several individuals identified by the government as having allegedly received their lawful permanent residence status through the fraudulent scheme of Leland Sustaire, a former Supervisory Adjudications Officer of the Immigration and Naturalization Service.

We deny the petition for review. The Parks' challenge to the finding of removability fails because they conceded that they were removable as charged in immigration court. See 8 C.F.R. § 1240.10(c); Young Sun Shin v. Mukasey, 547 F.3d 1019, 1024 (9th Cir. 2008) (holding that where the non-citizen concedes removability, "'the government's burden in this regard is satisfied.'" (quoting Estrada v. INS, 775 F.2d 1018, 1020 (9th Cir. 1985))), cert. denied, 129 S. Ct. 2799 (2009).

We also reject the Parks' argument that we should equitably estop their removal in light of Sustaire's criminal wrongdoing. Because "the government is not bound by the *unauthorized* acts of its agents," the Parks cannot show "affirmative misconduct going beyond mere negligence" on the part of the government to warrant estoppel. Watkins v. U.S. Army, 875 F.2d 699, 707 (9th

Cir. 1989) (en banc) (internal quotation marks omitted); cf. Young Sun Shin, 547

F.3d at 1022 (holding that "the government cannot be saddled with the felonious,

unauthorized issuance of residency documentation by a thieving employee").

**PETITION FOR REVIEW DENIED.**