**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAE JOON KIM, aka Kim Sae J., | No. 06-72725 |
| Petitioner, | Agency No. A070-459-936 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2010[**]
San Francisco, California

Before: WALLACE, GRABER, and McKEOWN, Circuit Judges.

Sae Joon Kim, a native and citizen of South Korea, petitions for review of

the decision of the Board of Immigration Appeals ("BIA") ordering his removal.

Kim is one of several individuals identified by the government as having allegedly

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

received their lawful permanent residence status through the fraudulent scheme of Leland Sustaire, a former Supervisory Adjudications Officer of the Immigration and Naturalization Service.

We deny the petition for review. Kim's challenge to the finding of removability fails because he conceded that he was removable as charged in immigration court. See 8 C.F.R. § 1240.10(c); Young Sun Shin v. Mukasey, 547 F.3d 1019, 1024 (9th Cir. 2008) (holding that where the non-citizen concedes removability, "'the government's burden in this regard is satisfied.'" (quoting Estrada v. INS, 775 F.2d 1018, 1020 (9th Cir. 1985))), cert. denied, 129 S. Ct. 2799 (2009).

We also reject Kim's argument that we should equitably estop his removal in light of Sustaire's criminal wrongdoing. Because "the government is not bound by the *unauthorized* acts of its agents," Kim cannot show "affirmative misconduct going beyond mere negligence" on the part of the government to warrant estoppel. Watkins v. U.S. Army, 875 F.2d 699, 707 (9th Cir. 1989) (en banc) (internal quotation marks omitted); cf. Young Sun Shin, 547 F.3d at 1022 (holding that "the government cannot be saddled with the felonious, unauthorized issuance of residency documentation by a thieving employee").

**PETITION FOR REVIEW DENIED.**