**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ALBERTO DODDOLI VILLASENOR, | No. 07-70634 |
| Petitioner, | Agency No. A095-657-364 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 3, 2011
Pasadena, California

Before: GOODWIN and WARDLAW, Circuit Judges, and COGAN, District Judge.[**]

Alberto Doddoli Villasenor, a Mexican national whose TN-2 visa expired on September 6, 2003, petitions for review of an order of removal and voluntary departure. He claims that the Attorney General violated his due process rights by

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Brian M. Cogan, District Judge for the U.S. District Court for Eastern New York, Brooklyn, sitting by designation.

prosecuting a removal case against him while his appeal from an adverse decision on a petition for a change of visa status was pending before the Administrative Appeals Office (AAO).

As Villasenor's counsel acknowledged at oral argument, Villasenor conceded removability before an immigration judge (IJ) notwithstanding the pendency of the administrative appeal. Any attempt to dispute removability is therefore foreclosed. *See Young Sun Shin v. Mukasy*, 547 F.3d 1019, 1024 (9th Cir. 2008); 8 C.F.R. § 1240.10(c), (d).

The AAO ultimately dismissed Villasenor's visa status appeal and the Board of Immigration Appeals took express account of the AAO's decision when affirming the IJ's order of removal. Accordingly, Villasenor has not made the showing of prejudice required for a due process claim. *See Padilla v. Ashcroft*, 334 F.3d 921, 924-25 (9th Cir. 2003).[1]

**PETITION DENIED.**

---

[1]We note that the government's brief states that petitioner has one day of voluntary departure remaining, and "so could depart at any time during the pendency of this petition without becoming subject to the Immigration and Nationality Act's reentry bars." At oral argument, more than three years after filing its brief, the government appeared to retreat from this representation by suggesting that, due to a change in internal policy, the petitioner might be subject to a distinct bar based on unlawful presence. While we do not reach the question here, the government has not cited nor provided us any legal support for its new views, and at least as to this petitioner, would be bound by its representation in this briefing.