BEA, Circuit Judge,
dissenting:
The majority holds that the IJ abused his discretion by ordering Avina-Renteria removed where Avina-Renteria, through private counsel, conceded in Immigration Court that he transported two undocumented minor aliens — who were not his children — to the U.S.-Mexico border with intent to smuggle them into the United States, in violation of INA § 212(a)(6)(E)(i). The majority is able reach this conclusion only by focusing on a somewhat ambiguous, but in any event, legally and factually baseless “proviso” which counsel attempted to attach to Avi-na-Renteria’s concession. The majority then creates a heightened burden of proof for removability, and relies on a readily distinguishable case to cast doubt on the IJ’s holding. Alas, I must respectfully dissent.
Avina-Renteria, who admitted to having been arrested twice previously for alien smuggling, was detained at the Mexico-U.S. border on suspicion of attempting to smuggle two undocumented minor aliens into the United States. According to Avi-na-Renteria’s statement to border agents — transcribed on video, and memorialized in the Department of Homeland Security Form 1-213 which was admitted into evidence without objection — Avina-Renteria, his wife, and a third person (“Garcia”) traveled to Tijuana, Mexico to pick up construction supplies. They stopped at a tile store, and when Avina-Renteria exited the store, he saw his wife in Avina-Renteria’s 2002 GMC truck with two young children.[1] His wife told him that she wanted to transport the children across the border into the United States. Avina-Renteria admitted he knew then and there the children were undocumented aliens.
Nonetheless, Avina-Renteria drove his GMC truck — containing his wife, Garcia, and the minor aliens — to the Mexico-U.S. border and attempted to enter the United States. Despite the majority’s vague protestations to the contrary, the fact he was the driver is uncontested: the 1-213 Form, in evidence, states that “Avina[-Renteria] was the driver of a Gray 2002 GMC Sierra pickup truck.” Also undisputed is the fact that the truck belonged to Avina-Rente-ria[2] and contained his wife, Garcia, and the two undocumented children. At the border, a federal agent determined that the birth certificates proffered by Avina-Renteria’s wife for the minor aliens did not belong to the children. Avina-Renteria, his wife, Garcia, and the children were detained on suspicion of alien smuggling.
At Avina-Renteria’s immigration hearing, Avina-Renteria, through counsel, admitted the factual allegations charged in the Notice to Appear (“NTA”) and conceded his removability for alien smuggling, as required by 8 C.F.R. § 1240.10(c). Avi-na-Renteria first admitted to Counts 1, 2, and 3 of the NTA.[3] Later, the IJ asked *631 Avina-Renteria’s counsel if his client admitted Count 4 of the NTA. Count 4 charged Avina-Renteria as removable pursuant to INA § 212(a)(6)(E)(i), because he “knowingly encouraged, induced, assisted, abetted, or aided Ingrid Guadalupe (age 5 yrs) and Elvin Antonio (age 8 yrs) (unknown last name), both minor aliens, to enter or to try to enter the United States, in violation of law.” The NTA also stated that Count 4 made Avina-Renteria “subject to removal from the United States pursuant to the following provision(s) of law: Section 212(a)(6)(E)(i).”
IJ: So do you now admit # 4?
Counsel: Yes, with a proviso.
IJ: Okay.
Counsel: ... It appears that my client is related by blood to the, actually by marriage and by blood to the two minors that were brought in, or attempted to brought in to the United States.
IJ: Okay.
Counsel: Under those circumstances if we can demonstrate that blood relationship, there may be mitigating circumstances with respect to the more serious charges of smuggling....
IJ: But you don’t have any documents to verify it today?
Counsel: I, I don’t have them today ...
I have met with the aunt of the two minors ... That person is attempting to get the birth certificates of the two minors and the relationships of those two minors to the aunt by means of the mother of the two minors, who is the sister of my client’s wife. So it’s very complicated (indiscernible), and this is what we’re trying to do.
IJ: Well even if that’s true, I don’t think that’s close enough relationship to mitigate.
Gov’t Atty: Your Honor, the only waiver that’s authorized is for spouse, son, or daughter.
IJ: Right. So at this point I think he’s removable with no relief. Anything else?
Counsel: No, your Honor.[4] Gov’t Atty: No, your Honor.
IJ: All right, sir, I’m going to have to find that you are removable from the United States because of this smuggling activity.
In other words, Avina-Renteria conceded that he had violated the alien smuggling statute — under which he is subject to removal — with the “proviso” that he might be eligible for waiver of removal or “mitigation” based on his purported relationship to the children “by marriage and by blood.”[5] Note that his supposed proviso *632 in no way undercuts his admission to the factual allegation of having knowingly driven two named and age-identified, undocumented minors to the U.S.-Mexico border with intent to bring them into the United States. Moreover, not only did Avina-Renteria fail to adduce any evidence as to his actual relationship to the children, but his asserted relationship with the minor aliens (their uncle), even if true, does not qualify him for waiver of removal; waiver of removal is limited to one’s spouse, child, or parent. See INA § 212(a)(6)(E)(ii).[6] Nor did Avina-Renteria withdraw his admission to Count 4 when the IJ agreed with government counsel — without objection from Avina-Renteria’s counsel — that Avina-Renteria’s asserted relationship did not allow waiver of removal.
Nonetheless, the majority holds that this factually inadequate and legally baseless “proviso” invalidates Avina-Renteria’s express concession of removability. Frankly, the majority has no choice but to place the entire weight of its desired outcome on this proviso; our circuit law clearly states, and the majority agrees, that the government’s burden of proof in a removal proceeding is satisfied where “petitioner’s counsel expressly concede[s] removability ...” Shin v. Mukasey, 547 F.3d 1019, 1024 (9th Cir.2008). But the dispositive weight the majority ascribes to the proviso is simply too great for the proviso to shoulder.
Employing the majority’s logic, our cases would venture into the absurd. Under the majority’s rule, an IJ could not find a petitioner removable based on the statement: “Yes, I expressly concede that I’m removable, with the proviso that my name is John, and of course there may be a provision in the INA which prohibits deporting anyone named John from the country.” Or: “Yes, I’m removable, with the proviso that today is Tuesday, and of course the INA may prohibit an IJ from ordering petitioners removed on a Tuesday.” Merely attaching an irrelevant and unsupportable proviso to an admission of removability does not affect the enforceability of the concession — at least it didn’t until the majority adopted such a rule here.[7]
After dismissing Avina-Renteria’s express concession of removability, the majority goes on to find — just as inexplicably — that the government did not present “clear, unequivocal, and convincing evidence” of Avina-Renteria’s removability. *633 Maj. Op. at 628. Admittedly, this burden is high. But in light of the evidence offered by the government and undisputed by the petitioner, the majority must strive mightily to engineer the burden to be insurmountable. First of all, even assuming arguendo that Avina-Renteria’s admission at his hearing to Count 4 of the NTA was not an adequate concession of removability status, and thus not conclusive as to his removability, petitioner’s admission to the underlying factual allegations of the NTA is still admissible to help the government meet its burden of “clear, unequivocal, and convincing evidence.” Thus, in finding that the government met its burden, the IJ properly considered Avina-Renteria’s admission of the words of the NTA’s Count 4:' that he “knowingly encouraged, induced, assisted, abetted, or aided Ingrid Guadalupe (age 5 yrs) and Elvin Antonio (age 3 yrs), both minor aliens, to enter or to try to enter the United States, in violation of law.”
Further, the petitioner’s admission to alien smuggling was corroborated by the 1-213 Form submitted into evidence (without objection) by the government. 1-213 forms are presumptively reliable evidence of removability, Tejeda-Mata v. INS, 626 F.2d 721, 724 (9th Cir.1980), and Avina-Renteria does not suggest that the admissions in the 1-213 form were obtained by duress or coercion.[8] The 1-213 Form repeats Avina-Renteria’s account of the alien smuggling provided above at pp. 1-2, and succinctly states that Avina-Renteria was the owner and driver of the vehicle when it attempted to cross the border. Moreover, the 1-213 states that Avina-Renteria admitted to having been arrested twice before for alien smuggling.
Finally, the IJ found that the minors were not in fact Avina-Renteria’s children — a factual finding supported by substantial evidence. Thus, the IJ properly held that Avina-Renteria was not eligible for § 212(a)(6)(E)(ii) waiver of relief.
In sum, it is unfathomable that this evidence does not meet this court’s standard for “clear, unequivocal, and convincing evidence.” Avina-Renteria admitted the factual allegations in the NTA which stated the elements of the smuggling charge at his hearing before the IJ, in his videotaped statement on the day of his detention, and in his statements to agents memorialized in the unchallenged, presumptively-reliable 1-213 Form. This evidence would be sufficient even without Avina-Renteria’s two prior arrests for alien smuggling, evidence admissible to show intent and absence of mistake under FRE 404(b). The majority apparently adopts a rule that the government can meet its burden only if the petitioner admits, in his hearing before the IJ, every fact necessary to find him removable; no other evidence is sufficient to be “clear, unequivocal, and convincing.” Maj. Op. at 5. For example, according to the majority, the border agent’s statement in the presumptively-reliable 1-213 Form that Avina-Renteria drove his own truck to the border crossing cannot clearly and convincingly prove that fact unless Avina-Renteria admits that fact in his hearing before the IJ. Were that true, a petitioner who stood mute could never be found to have engaged in alien smuggling. To state the proposition is sufficient to dispel it.
Just as the majority relies on an invented, but legally baseless, proviso to avoid an express concession of removability, the majority attempts to sidestep the overwhelming evidence supporting removability by citing to a distinguishable case decided after the IJ first found Avina-Renteria removable: Altamirano v. Gon *634 zales, 427 F.3d 586 (9th Cir.2005). The majority is correct that Altamirano held that a petitioner is removable for alien smuggling under INA § 212(a)(6)(E)(i) only if he provides “affirmative assistance” to aliens in their attempt to enter the United States. 427 F.3d at 591. But, where the majority bizarrely finds a “lack of affirmative participation in the alien smuggling,” Maj. Op. at 628, n. 4, I find that Avina-Renteria provided affirmative, material assistance to the smuggling of the minor aliens. Unlike the passive passenger — respondent/petitioner in Altami-rano — who merely knew there was an illegal alien hiding in the trunk, Avina-Renteria drove the minor aliens to the border, in his truck, with knowledge they were undocumented and with intent to smuggle them into the United States. In fact, the panel in Altamirano explicitly recognized a distinction between a passive passenger in a car containing an illegal alien and the driver of that car by distinguishing its holding from a Seventh Circuit case involving a driver. See id. at 593 (citing Sanchez-Marquez v. INS, 725 F.2d 61, 63 (7th Cir.1984) (upholding a removal order for an alien who pre-ar-ranged to drive and drove seven illegal aliens from the U.S.-Mexico border to San Antonio)).[9] As the driver and owner of the vehicle, Avina-Renteria provided affirmative assistance to the undocumented children, and thus, the majority’s reliance on Altamirano is misplaced.
The majority relies on a talismanic claim of a proviso — which is factually and legally baseless — to avoid acknowledging that Av-ina-Renteria conceded his removability before the IJ. The majority then relies on a readily distinguishable case to parry overwhelming evidence of removability. Because such legal gymnastics find no support in law or common sense, I must respectfully dissent.

. Avina-Renteria now claims that the children are his niece and nephew by marriage— the children of his wife’s sister. Neither child is a citizen or legal resident of the United States.

. The 1-213 Form states that, upon exiting the tile store in Tijuana, Avina-Renteria "suddenly saw two kids in his truck.”

. Count 1 of the NTA charged: "[You] are not a citizen or national of the United States.” *631 Count 2 charged: "[You] are a native of Mexico and a citizen of Mexico.” Count 3 charged: "[You] on or about November 16, 2004 made application for admission into the United States from Mexico, via the vehicle primary lanes of the Otay Mesa Port of Entry, California, and presented an Immigration form 1-551 lawfully issued to you.”

. Note counsel did not ask for a continuance to procure documentation of consanguinity after the government attorney and judge said it would be unavailing, since the children were not petitioner’s children.

. It is unclear what petitioner’s counsel intended when he told the IJ "there may be mitigating circumstances with respect to the more serious charges of smuggling.” To begin with, the INA identifies only one type of alien smuggling; there are not "less serious” and "more serious” classes of smuggling. Moreover, the INA makes no allowance for "mitigating circumstances” in the context of alien smuggling. The only relief available in that context is waiver of removal, which is reserved solely for those who smuggle their own child, spouse, or parent. Thus, to the extent we interpret counsel's statement as a request for "mitigation,” his request seeks an *632 inexistent form of relief. Unless he had in mind "voluntary departure,” rather than removal — but that relief presupposes the alien has already been found removable. Of course, as the attorneys and the IJ agreed at the hearing, to the extent we interpret his statement as a request for waiver of removal, his request fails for inadequate familial relationship. See INA § 212(a)(6)(E)(ii).

. Avina-Renteria's argument is akin to a criminal defendant admitting theft of U.S. currency, with the "proviso” that the United States may not be authorized to emit any currency but gold and silver. Nice try. See Legal Tender Cases (Knox v. Lee, 12 Wall. 457, 79 U.S. 457, 20 L.Ed. 287 (1871); Juilliard v. Greenman, 110 U.S. 421, 4 S.Ct. 122, 28 L.Ed. 204 (1884)).

. If Avina-Renteria’s imagined "proviso” was a plea in confession and avoidance, he at least confessed removability, subject to avoidance because of his consanguinity to the minor “smugglees.” If his avoidance claim is merit-less at law, at least the confession is not. Mind, he did not condition his admission on the IJ’s acceptance of claimed "mitigating circumstances.” Had he done that, the IJ could have brushed aside his offer as baseless and proceeded to try the case. Imagine a defendant in an auto accident case who is asked if he admits liability and answers: "Yes, with the proviso there will be no damages assessed because I am truly sorry the accident happened.”

. That the statements were on video undoubtedly advised against such a claim.

. The majority would create the absurd result that an individual who arranges to drive aliens, already in this country, to San Antonio, Texas commits an "affirmative act” in furtherance of alien smuggling, while someone who drives from San Diego, California to Tijuana, Baja California, picks up two undocumented minors, drives them to the U.S.Mexico border, and attempts to sneak them into the United States, commits no such "affirmative act.”