**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YONGFENG XIAO, | No. 10-71701 |
| Petitioner, | Agency No. A098-442-033 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Yongfeng Xiao, a native and citizen of China, petitions pro se for review of

a Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including adverse credibility findings, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and review de novo due process challenges, *Shin v. Mukasey*, 547 F.3d 1019, 1023 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Xiao's conflicting testimony and documentary evidence regarding her name, date of birth, and identification number. *See Farah*, 348 F.3d at 1156. The agency was not compelled to accept Xiao's explanations for the inconsistencies. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Xiao's asylum and withholding claims fail. *See Farah* 348 F.3d at 1156.

Because Xiao's CAT claim is based on the same testimony the agency found not credible, and the record does not compel the finding it is more likely than not that she would be tortured if returned to China, her CAT claim also fails. *See id.* at 1156-57.

Finally, Xiao's contention that the IJ erred by not holding an additional hearing lacks merit because Xiao had three evidentiary hearings with a reasonable opportunity to present her claims. *See Shin*, 547 F.3d at 1024-25 (rejecting due

process claim where petitioner was not prevented from reasonably presenting her case).

**PETITION FOR REVIEW DENIED.**