**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUANZHEN LING,

          Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 10-73455

Agency No. A098-462-411

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2014[**]
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

    Guanzhen Ling petitions for review of the Board of Immigration Appeals'

(BIA) order denying his motion to reopen for reapplication for asylum based on

events that transpired after his original applications for asylum, withholding of

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture were denied by an Immigration Judge (IJ).

The government argues that Ling's motion to reopen was properly denied on the basis of his prior adverse credibility finding, and that this outcome is consistent with our rule that facts stated in affidavits supporting a motion to reopen must be accepted as true for purposes of deciding the motion unless "inherently unbelievable," *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010). We disagree. The BIA did not deem the affidavits supporting Ling's motion inherently unbelievable, and it is not possible to accept those facts as true and also to conclude that Ling is not entitled to have his motion granted.

Our decision in *Limsico v. INS*, 951 F.2d 210 (9th Cir. 1991), is inapposite. There, we concluded that "[a]lthough Limsico's affidavits, if taken as true, showed him to be of good moral character, the evidence developed at the prior hearing demonstrated otherwise." *Id.* at 213. We merely held that "[t]he Board may properly consider both" the affidavits (taken as true) and specific evidence to the contrary that was developed at a prior hearing. *Id.* at 214. We agreed that Limsico failed to make a prima facie case, even if all the facts in his affidavits were true. *Id.* at 213–14. Here, by contrast, the BIA concluded that Ling did not overcome his prior adverse credibility determination, and discounted the affidavits filed with

2

his motion to reopen, reasoning that "[t]he only corroborating evidence concerning threats made against him is the statement from his wife, an interested witness who is not subject to cross-examination." This approach is incompatible with the requirement that the BIA accept the facts stated in Ling's affidavits as true unless inherently unbelievable. *Najmabadi*, 597 F.3d at 990.

*Young Sun Shin v. Mukasey*, 547 F.3d 1019 (9th Cir. 2008), *cert. denied*, 557 U.S. 905 (2009), does not support the government's position. An alien seeking to reopen proceedings must show that new evidence would likely change the result in the case, *id.* at 1025, but when the evidence consists of uncontroverted facts stated in affidavits, the BIA must simply accept the facts as true and evaluate the motion on this basis. *See Najmabadi*, 597 F.3d at 990. Accordingly, we grant the petition for review and remand to the BIA with instructions to reopen proceedings.

**PETITION FOR REVIEW GRANTED; REMANDED.**