FILED

**NOT FOR PUBLICATION**

NOV 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSUE FLORINDO SABAJ-OLA DE, AKA Jose Billanueva, AKA Sergio Hernandez, AKA Juan Josue Morales, AKA Jorge Mendoza, AKA Jorge Jose Mendoza, AKA Jorge Jouse Mendoza, AKA Michae Angel Moreno, AKA Michael Munguia, AKA Michael Angel Repa, AKA Evelio Jose Ruiz, AKA Evelio Ruiz Ruiz, AKA Josue Sabaj, AKA Michael Angel Tepa, AKA Jose Villanueva, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos. 13-71799 <br> 13-73711 <br><br> Agency No. A205-310-889 <br><br> MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

In these consolidated petitions for review, Josue Florindo Sabaj-Ola De, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order, and the BIA's subsequent order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, and review factual findings for substantial evidence. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for abuse of discretion the denial of a motion to reopen. *Id.* at 791. We deny the petitions for review.

Contrary to Sabaj-Ola De's contention, the agency applied the correct legal standard outlined in *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982) in making its particularly serious crime determination. *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 679-80 (9th Cir. 2010) (discussing proper standard).

The record does not compel the finding that Sabaj-Ola De demonstrated it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Guatemala. *See Abufayad v. Holder*, 632 F.3d 623, 631-32 (9th Cir. 2011). In addition, the record belies Sabaj-Ola De's contention that the

agency did not consider the evidence in support of his claim for protection under the Convention Against Torture.

The BIA did not abuse its discretion by denying Sabaj-Ola De's motion to reopen to pursue applications for adjustment of status and a waiver of inadmissability where Sabaj-Ola De failed to submit applications for relief, *see* 8 C.F.R. § 1003.2(c)(1); *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063-64 (9th Cir. 2008) (BIA did not abuse its discretion in finding petitioner did not satisfy the procedural requirements for his motion, in part because petitioner failed to submit a "completed application for relief[.]"), and failed to establish a prima facie case for relief, *see Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (petitioner bears the burden of proving the evidence would likely change the result in the case).

Sabaj-Ola De has waived any challenge to the agency's denial of a continuance. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

In light of our disposition, we do not reach Sabaj-Ola De's remaining contentions.

**PETITIONS FOR REVIEW DENIED.**