FERNANDEZ, Circuit Judge,
dissenting:
In my opinion the BIA properly decided that Singui had not submitted sufficient supporting evidence to justify reopening in light of changed country conditions. In fact, he filed no affidavits swearing to the truth of his statements or authenticating or otherwise justifying his claims. That is a particular problem where, as here, he had been found to lack credibility in the original proceeding for a multitude of reasons. As the IJ stated, Singui’s “application for asylum was replete with inconsistencies and discrepancies.”[1] The majority’s denigration of the BIA’s reli- *642 anee on the lack of affidavits overlooks the Supreme Court’s statements regarding the alien’s heavy burden[2] and the importance of affidavits,[3] which have particular bite here in light of the prior adverse credibility determination.[4] In fine, Singui’s presentation was so weak that the BIA could properly determine that it did not rise to the level of a prima facie case; the BIA did not abuse its discretion. Thus, I respectfully dissent.

. One of the grounds (the statement about the arrest of four individuals) was both inconsistent and uncorroborated.

. INS v. Abudu, 485 U.S. 94, 108-11, 108 S.Ct. 904, 913-15, 99 L.Ed.2d 90 (1988); see also Young Sun Shin v. Mukasey, 547 F.3d 1019, 1025 (9th Cir.2008).

. See INS v. Jong Ha Wang, 450 U.S. 139, 143, 101 S.Ct. 1027, 1030, 67 L.Ed.2d 123 (1981) (per curiam).

. See Toufighi v. Mukasey, 538 F.3d 988, 995 (9th Cir.2008).