FILED

NOT FOR PUBLICATION

APR 06 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY LESLIE VINCENT DE VOS; SHARON DESSRIE DE VOS; D.A.D., JUVENILE MALE, | No. 11-71576 |
| Petitioners, | Agency Nos.    A095-316-244 A095-316-245 A095-316-246 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2015[**]
Pasadena, California

Before: **KOZINSKI**, **CHRISTEN** and **HURWITZ**, Circuit Judges.

Petitioner Anthony De Vos was placed in removal proceedings and filed

applications for asylum, withholding of removal and protection under the

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT).[1]  In 2002, the IJ entered an adverse credibility finding against De Vos and denied his applications.  The BIA affirmed, and we denied his petition for review.  De Vos v. Gonzales, 140 F. App'x 709 (9th Cir. 2005).  In 2010, De Vos filed a motion to reopen proceedings on the basis of changed country conditions in Sri Lanka, which the BIA denied.  De Vos petitions for review of the BIA's denial of his motion to reopen proceedings.  We review for abuse of discretion.  See Najmabadi v. Holder, 597 F.3d 983, 986 (9th Cir. 2010).

De Vos argues that his proceedings should be reopened because failed asylum seekers are persecuted as a class in Sri Lanka.  See 8 C.F.R. § 208.13(b)(2). In support of this claim, De Vos points to two Amnesty International bulletins. The bulletins state that three Sri Lankan men were tortured after their forced return to Sri Lanka from Australia in 2009.

But the Amnesty bulletins don't "compel the conclusion that there exists a pattern or practice of persecution against" former asylum seekers in Sri Lanka. Wakkary v. Holder, 558 F.3d 1049, 1061 (9th Cir. 2009).  The State Department Report lists no evidence of persecution of mere failed asylum seekers as a class in Sri Lanka.  Moreover, in contrast to De Vos, the men described in the Amnesty

---

[1] De Vos's applications include his wife and child, who are also listed as petitioners here.

bulletins were crew members of a boat carrying Sri Lankans to Australia, and at least one of them was accused of organizing such groups. The BIA thus didn't abuse its discretion in finding that this evidence didn't warrant reopening of De Vos's proceedings on the basis that he would be persecuted in Sri Lanka as a member of a class of failed asylum seekers. See Wakkary, 558 F.3d at 1061; see also Young Sun Shin v. Mukasey, 547 F.3d 1019, 1025 (9th Cir. 2008).

De Vos also submitted additional evidence that, he alleges, supports his claims that he would be persecuted in Sri Lanka due to his status as a member of the United National Party. He alleges that the conditions in Sri Lanka have worsened since his initial application and that reopening of his proceedings is therefore warranted. But the IJ and BIA previously rejected these claims and concluded that De Vos was not credible. De Vos's motion to reopen doesn't challenge the IJ's prior adverse credibility determination—a determination that we found to be supported by substantial evidence. De Vos, 140 F. App'x at 710. The adverse credibility findings "went to key elements of" De Vos's claims, including identity and membership in a persecuted group. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). The BIA therefore didn't abuse its discretion in denying De Vos's motion to reopen on the basis of this additional evidence.

**PETITION DENIED.**