NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MOHAMMED AIYAZ FIROZ, AKA
Mohammed Aiyaz Firoz Hanif,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-71653

Agency No. A029-456-833

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2015**
San Francisco, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

Mohammed Aiyaz Firoz petitions for review of a decision of the Board of

Immigration Appeals ("BIA") dismissing an appeal of the denial by an Immigration

---

* This disposition is not appropriate for publication and is not precedent except
as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge ("IJ") of withholding of removal,[1] and denying a motion to remand. We deny the petition.

**1.** To be entitled to withholding, Firoz must establish a "clear probability" that he "would be subject to persecution" on account of a statutorily-protected ground. *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). Both "race" and "membership in a particular social group" are protected grounds. 8 U.S.C. § 1231(b)(3)(A). A showing of past persecution that "was committed either by the government or forces that the government was unable or unwilling to control" and that is "on account of" a protected ground creates a rebuttable presumption of future persecution. *Baballah v. Ashcroft*, 367 F.3d 1067, 1074, 1079 (9th Cir. 2003).

**2.** Substantial evidence supported the IJ's finding that Firoz was attacked by criminals because he interrupted a crime in progress while serving as a police officer, not because he is of Indian descent. Service as an active-duty police officer, by itself, does not give rise to membership in a social group for withholding purposes. *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1028–29 (9th Cir. 2000).

**3.** Substantial evidence also supported the IJ's finding that Firoz failed to establish that the Fijian government was either unwilling or unable to control his attackers. Similarly, substantial evidence supported the IJ's conclusion that Firoz

---

[1] The BIA also affirmed the IJ's denial of relief under the Convention Against Torture. Firoz's brief does not argue that this decision was incorrect.

had not shown that he was likely to be persecuted in the future on account of a protected ground.[2]

**4.** To be entitled to remand, Firoz must show "*prima facie* eligibility for the relief sought." *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (setting out the requirements for a motion to reopen); *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008) ("The formal requirements of a motion to remand and a motion to reopen are the same."). The BIA did not err in concluding that Firoz has not established *prima facie* eligibility for adjustment of status.

**PETITION FOR REVIEW DENIED.**

---

[2] The BIA also correctly found that Firoz's "pattern or practice" of persecution argument was not supported by the record.