**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIXIA CHEN, | No. 13-72449 |
| Petitioner, | Agency No. A087-608-279 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Lixia Chen, a native and citizen of China, petitions for review of the Board

of Immigration Appeals'("BIA") order denying her motion to reopen removal

proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying Chen's motion to reopen, where the BIA considered the record and acted within its broad discretion in determining that the evidence was insufficient to demonstrate prima facie eligibility for the relief sought. *See id.* (the BIA may deny a motion to reopen based on failure to show prima facie eligibility for the relief sought). Contrary to Chen's contention, the BIA did not hold her to an impermissibly high legal standard. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (petitioner bears the burden of proving the evidence would likely change the result in the case).

In light of this disposition, we do not reach Chen's remaining contentions.

**PETITION FOR REVIEW DENIED.**

13-72449