**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS RODRIGUEZ-SORIANO, | No.   15-73444 |
| Petitioner, | Agency No. A074-389-154 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017[**]

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Jose Luis Rodriguez-Soriano, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

Temporary Protected Status and a waiver under 8 U.S.C. § 1254a(c)(2)(A). Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, including due process claims, and review for abuse of discretion the denial of a motion to remand. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921, 923 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

We reject Rodriguez-Soriano's contention that the BIA applied an incorrect legal standard in its denial of his application for a waiver of inadmissibility under 8 U.S.C. § 1254a(c)(2)(A). *See Rashtabadi v. INS*, 23 F.3d 1562, 1570 (9th Cir. 1994) ("One general, analytical approach governs all decisions on whether to grant discretionary relief." (citing *Matter of Marin*, 16 I. & N. Dec. 581, 586 (BIA 1978)); *see also Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (the agency applies the correct legal standard where it expressly cites and applies relevant case law in rendering its decision).

The BIA did not abuse its discretion or violate due process in denying Rodriguez-Soriano's motion to remand, where he had the opportunity to present to the IJ evidence on any matter relevant to discretion. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing[.]"); *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (a motion to remand must show that "if proceedings were reopened, the new evidence would likely change the result in

the case" (citation omitted)); *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (due process claims require showing that proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case") (internal quotation marks and citation omitted)). We reject Rodriguez-Soriano's contentions that the BIA engaged in speculation or impermissible factfinding as unsupported by the record. *See* 8 C.F.R. § 1003.1(d)(3)(ii) ("The Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo.").

Rodriguez-Soriano's contention that the BIA erred in assessing his credibility under the REAL ID Act fails because the BIA concluded that the IJ's adverse credibility determination would not have been clearly erroneous even under pre-REAL ID Act standards.

We lack jurisdiction to consider Rodriguez-Soriano's remaining unexhausted contentions regarding the agency's adverse credibility determination. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**