**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAWAIL SINGH,<br><br>        Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>        Respondent. | No.   17-71244<br><br>Agency No. A095-401-375<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2019[**]
San Francisco, California

Before: THOMAS, Chief Judge, and W. FLETCHER and MILLER, Circuit
Judges.

Petitioner Rawail Singh petitions for review of the Board of Immigration

Appeals's ("BIA") dismissal of his appeal of an Immigration Judge's ("IJ")

decisions (1) terminating asylum status; (2) denying applications for asylum,

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, relief under the Convention Against Torture, and adjustment of status; and (3) ordering him removed. We review the agency's factual findings for substantial evidence, including adverse credibility determinations. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). We review questions of law de novo. *Urooj v. Holder*, 734 F.3d 1075, 1078 (9th Cir. 2013). Where, as here, the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA. *Id.* We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

To terminate Singh's asylum status, the government had the burden to prove, by a preponderance of the evidence, that there was "a showing of fraud in [Singh's] application such that he . . . was not eligible for asylum at the time it was granted." 8 C.F.R. § 1208.24(a)(1) & (f). Substantial evidence supports the IJ's determination that the government had met its burden.

The government provided evidence that Boota Singh Basi and Kasmir Singh Malhi had prepared Singh's asylum application, and that they had pled guilty to running a criminal business preparing fraudulent asylum applications. Basi testified extensively about the scheme and, when provided a copy of Singh's application, identified its narrative as one of the business's false stock stories. Basi also elaborated on fraudulent details in Singh's application, explaining, for

2

example, that Singh's alleged arrest date was a major Sikh holiday chosen for the date's easy memorability. The IJ found that Basi's testimony was truthful, unrebutted, and unimpeached. In contrast, Singh was unsure of the details of his own asylum narrative, admitted that he worked with Basi and Malhi, and offered no other evidence in support of his claims. Weighing the testimony and the credibility of the witnesses, the IJ found there was a showing of fraud in Singh's application. Because a reasonable factfinder would not be compelled to conclude otherwise, the agency's finding of fraud is supported by substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *see Fernandes v. Holder*, 619 F.3d 1069, 1075 (9th Cir. 2010). Because the same findings underlie the IJ's order denying Singh relief from removal, substantial evidence also supports that determination. *See Farah*, 348 F.3d at 1156–57. Finally, at his hearing on July 14, 2015, Singh conceded that he was removable for both grounds charged on his Notice to Appear. "[W]here the alien concedes removability, the government's burden . . . is satisfied." *Shin v. Mukasey*, 547 F.3d 1019, 1024 (9th Cir. 2008) (internal quotation marks omitted).

Singh makes three additional arguments to us. First, Singh argues that he was deprived of an opportunity to meaningfully reply to the government's motion to terminate asylum status. This argument fails for two reasons. First, Singh received the government's motion but did not respond within the time frame within

which a petitioner must ordinarily respond. *See* Immigration Court Practice Manual §§ 3.1(b)(i)(A), 5.5. Second, even assuming that such a time frame is not enough time for a meaningful response, the BIA nevertheless considered (and rejected) Singh's response to the government's motion on the merits.

Next, Singh argues that he was deprived of due process because the IJ failed to require the government to present Basi for cross-examination. This is false. On March 11, 2011, the IJ held a hearing in which Basi testified, Singh's counsel cross examined Basi, and simultaneous translation was provided to Singh.

Finally, Singh argues for the first time before this court that he "reli[ed], under duress" on Basi's misrepresentations, and that such duress excuses his fraudulent application. Even if a duress exception to filing a fraudulent asylum application were to exist, there is no indication in the record that Singh was under duress at any point in making his application.

**PETITION FOR REVIEW DENIED.**