**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAK KIM; et al., | Nos. 06-72370 |
| Petitioners, | 06-74024 |
| v. | Agency Nos. A072-009-538 |
| | A075-116-353 |
| ERIC H. HOLDER, Jr., Attorney General, | A075-116-354 |
| | A075-116-355 |
| Respondent. | MEMORANDUM* |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted April 5, 2011**

Before:      B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

In these consolidated petitions for review, Hak Kim, Kyung Ja Kim, Jee Sun

Kim, and Jay Hyok Kim, natives and citizens of the Republic of Korea, petition for

review of the Board of Immigration Appeals' ("BIA") orders dismissing their

appeal from an immigration judge's removal order and denying their motion to

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen. We have jurisdiction under 8 U.S.C. § 1252. We review de novo

questions of law and review for abuse of discretion the denial of a motion to

reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny

the petition for review.

Petitioners' challenge to the agency's finding of removability fails because

they conceded they were removable as charged in immigration court. *See Young*

*Sun Shin v. Mukasey*, 547 F.3d 1019, 1024 (9th Cir. 2008) ("[W]here the alien

concedes removability, the government's burden in this regard is satisfied.")

(citation and quotation omitted).

Petitioners' contention that the government should be equitably estopped

from ordering their removal is unavailing. *See Sulit v. Schiltgen*, 213 F.3d 449,

454 (9th Cir. 2000) ("[E]stoppel against the government is unavailable where

petitioners have not lost any rights to which they were entitled."); *cf. Salgado-Diaz*

*v. Gonzalez*, 395 F.3d 1158, 1165-68 (9th Cir. 2005).

The BIA did not abuse its discretion in denying petitioners' motion to

reopen because an immigrant visa was not immediately available to Kyung Ja Kim.

*See* 8 U.S.C. § 1255(a) (stating that "an immigrant visa [must be] immediately

available to the alien at the time the application [for adjustment of status] is filed").

**PETITIONS FOR REVIEW DENIED.**

06-72370