**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID SINGUI,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-71872<br><br>Agency No. A072-538-658<br><br>MEMORANDUM[*] |
| DAVID SINGUI, AKA Mpoupe Singui,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-70160<br><br>Agency No. A072-538-658 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 2, 2015
Pasadena, California

---

  [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: PREGERSON, FERNANDEZ, and NGUYEN, Circuit Judges.

Petitioner David Singui petitions for review of the Board of Immigration Appeals' ("BIA") denial of his untimely-filed motions to reopen proceedings. We grant the petitions and remand with instructions to reopen Singui's deportation proceedings.

1. Singui first argues that the BIA used the wrong standard in denying his motions because it required him to show changed country conditions rather than changed circumstances arising in the country. However, the BIA used both terms interchangeably, as we have in our case law. *See, e.g.*, *Toufighi v. Mukasey*, 538 F.3d 988, 993-94 (9th Cir. 2008); *Malty v. Ashcroft*, 381 F.3d 942, 945-47 (9th Cir. 2004). Therefore, the BIA did not apply the wrong standard to evaluate Singui's motions.

2. Next, Singui argues that the BIA erred in concluding that he failed to show changed circumstances in Cameroon, which is an exception that permits untimely-filed motions to reopen. 8 C.F.R. § 1003.2(c)(2), (3). Singui submitted new evidence that was not available at the time of the proceedings before the Immigration Judge ("IJ"). The evidence included emails from another anti-government activist who said that he was detained in 2008 and that the authorities specifically asked him about Singui, several articles showing that the government

2

continues to mistreat activists like Singui, and a 2010 news article stating that Singui's name appears on a government "black list" of individuals known for anti-government political activism. We conclude that the BIA erred in rejecting Singui's evidence. First, in denying relief, the IJ previously found that Singui was not credible, based in part on the lack of corroborating documentary evidence. Singui's new documents—the previously unavailable emails and articles—therefore undermine part of the IJ's rationale in making the adverse credibility finding. *See Bhasin v. Gonzales*, 423 F.3d 977, 985-86 (9th Cir. 2005) (ruling that the BIA abused its discretion by denying a motion to reopen where new evidence "completely undermined" the IJ's rationale for denying the petitioner's asylum application). Second, while the evidence Singui presented to the IJ was principally a showing of past mistreatment in Cameroon, Singui's new materials suggest Cameroon has in recent years both targeted him specifically and persecuted a man who participated in the same political activism as Singui. His new evidence therefore appears "qualitatively different" from the evidence previously presented to the IJ. *See Malty*, 381 F.3d at 945-47 (ruling that the BIA should have reopened where new evidence showed persecutors in Egypt were specifically targeting the petitioner and attacking similarly-situated family

3

members, in contrast to previous evidence limited to incidents of harassment and discrimination).

Third, the BIA improperly faulted Singui for failing to submit an affidavit in support of his motions to reopen, but the relevant regulation permits the submission of evidentiary material without an accompanying sworn statement. *See* 8 C.F.R. § 1003.2(c)(1); *Indradjaja v. Holder*, 737 F.3d 212, 219 (2d. Cir. 2013) (stating that 8 C.F.R. § 1003.2(c)(1) "does not mandate that *any* affidavit be submitted, let alone require one specifically from the petitioner."). Finally, the BIA's conclusion that Singui's evidence merely shows a continuation of the same conditions in Cameroon fails to recognize sufficiently that facts supporting changed circumstances will almost always relate to the original claim. Thus, "[t]he critical question is not whether the allegations bear some connection to a prior application, but rather whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution." *Malty*, 381 F.3d at 945.

**PETITIONS GRANTED** with instructions to reopen.

4

Singui v. Holder, Nos. 10-71872, 11-70160

FERNANDEZ, Circuit Judge, dissenting:

In my opinion the BIA properly decided that Singui had not submitted sufficient supporting evidence to justify reopening in light of changed country conditions. In fact, he filed no affidavits swearing to the truth of his statements or authenticating or otherwise justifying his claims. That is a particular problem where, as here, he had been found to lack credibility in the original proceeding for a multitude of reasons. As the IJ stated, Singui's "application for asylum was replete with inconsistencies and discrepancies."[1] The majority's denigration of the BIA's reliance on the lack of affidavits overlooks the Supreme Court's statements regarding the alien's heavy burden[2] and the importance of affidavits,[3] which have particular bite here in light of the prior adverse credibility determination.[4] In fine, Singui's presentation was so weak that the BIA could properly determine that it did not rise to the level of a prima facie case; the BIA did not abuse its discretion. Thus, I respectfully dissent.

---

[1] One of the grounds (the statement about the arrest of four individuals) was both inconsistent and uncorroborated.

[2] INS v. Abudu, 485 U.S. 94, 108–11, 108 S. Ct. 904, 913–15, 99 L. Ed. 2d 90 (1988); see also Young Sun Shin v. Mukasey, 547 F.3d 1019, 1025 (9th Cir. 2008).

[3] See INS v. Jong Ha Wang, 450 U.S. 139, 143, 101 S. Ct. 1027, 1030, 67 L. Ed. 2d 123 (1981) (per curiam).

[4] See Toufighi v. Mukasey, 538 F.3d 988, 995 (9th Cir. 2008).