NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUN FU LI,<br><br>   Petitioner,<br><br> v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>   Respondent. | No. 12-73113<br><br>Agency No. A079-543-613<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2015[**]
San Francisco, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

Jun Fu Li petitions for review from an order of the Board of Immigration
Appeals ("BIA") denying his motion to reopen removal proceedings. We deny the
petition in part and dismiss it in part.

**1.** The BIA did not abuse its discretion in denying Li's concededly

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). The BIA properly determined that Li's failure to file a new asylum application was fatal to his motion. 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation."); *see also Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (affirming BIA's denial of motion to reopen because petitioner failed to present evidence of an approved visa as required to establish "prima facie eligibility for the relief sought").

**2.** We lack jurisdiction to consider Li's challenge to the BIA's decision not to invoke its sua sponte authority to reopen removal proceedings. *Sharma v. Holder*, 633 F.3d 865, 874 (9th Cir. 2011).

**PETITION DENIED IN PART, DISMISSED IN PART.**

2