FILED

**NOT FOR PUBLICATION**

MAR 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIO GALLARDO-DAVILA, | No. 15-73096 |
| Petitioner, | Agency No. A087-756-343 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017**

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Sergio Gallardo-Davila, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for cancellation of

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

questions of law, and review for abuse of discretion the denial of a motion to remand. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1061-62 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Contrary to Gallardo-Davila's contention, the BIA used the proper "future-oriented" standard in conducting its hardship determination. *See Figueroa v. Mukasey*, 543 F.3d 487, 497-98 (9th Cir. 2008). We also reject Gallardo-Davila's contention that the BIA engaged in improper factfinding as unsupported by the record.

Because the BIA conducted a de novo review of the hardship determination, we do not consider Gallardo-Davila's challenges to the IJ's hardship determination. *See Romero-Ruiz* at 1061 ("Where the BIA conducts an independent review of the IJ's findings, we review the BIA's decision and not that of the IJ.").

The BIA did not abuse its discretion in declining to remand based on ineffective assistance of counsel, where Gallardo-Davila failed to establish prejudice from his prior attorneys' alleged ineffective assistance. *See Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005) (to prevail on an ineffective assistance claim, a petitioner must show prejudice).

15-73096

Nor did the BIA abuse its discretion in declining to remand to allow Gallardo-Davila to apply for asylum and related relief, where he failed to show that his new evidence would likely change the result of his case. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008).

We lack jurisdiction to consider Gallardo-Davila's unexhausted contention that he was denied a fair hearing. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

We do not consider the new evidence referenced in Gallardo-Davila's opening brief. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010).

Gallardo-Davila's request for referral to the court's mediation program is denied, and to the extent Gallardo-Davila contends his case warrants a favorable exercise of prosecutorial discretion, we lack jurisdiction to consider this contention. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012).

In light of this disposition, we do not reach Gallardo-Davila's remaining contentions regarding his prior counsels' alleged lack of competence or the applicability of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.