**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILTON ALBERTO MARTINEZ-AVELAR, <br><br>           Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br>           Respondent. | No.    14-72692 <br><br> Agency No. A091-785-928 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 6, 2017
Pasadena, California

Before: REINHARDT and NGUYEN, Circuit Judges, and EZRA,[**] District Judge.

    1. Petitioner Milton Alberto Martinez-Avelar ("Martinez-Avelar"), a native

and citizen of El Salvador, seeks review of a 2014 order from the Board of

Immigration Appeals ("BIA") denying his motion to reopen as untimely and

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

number-barred. Martinez-Avelar first entered the United States, without inspection, in January 1982 when he was approximately 12 years old. At age 13, Martinez-Avelar joined the Mara Salvatrucha ("MS-13") gang in Los Angeles, but he has long since renounced his ties to the gang. He was ordered removed from the United States in absentia, and he returned to El Salvador in 1993, where he became a successful teacher and an active member of his church community.

He returned to the United States in 2000, after he was severely injured in a brutal attack by MS-13 gang members in his home country. In 2012, his only criminal conviction, for an offense allegedly committed when he was approximately 19 years old, was vacated on statutory grounds by the Los Angeles County Superior Court. Since returning to the United States, Martinez-Avelar has been the primary source of support for his mother, a U.S. citizen suffering from a number of serious medical issues. His father (from whom his mother is separated) and two brothers are also U.S. citizens, and the family has no remaining ties to El Salvador.

Martinez-Avelar is now 47 years old. He returned to the U.S. from El Salvador approximately 17 years ago. He obtained a certificate in graphic design from Santa Monica College in 2004 and has been working as a videographer and

graphic designer. The record is replete with letters from community and religious organizations, which testify to the petitioner's volunteer work and good character.

On October 23, 2003, Martinez-Avelar was denied cancellation of removal, for which he was statutorily ineligible, and voluntary departure, and he was ordered removed to El Salvador. The BIA affirmed the order without opinion on March 31, 2005. On June 5, 2012, petitioner filed a motion to reopen, which the BIA denied as untimely filed.

On July 14, 2014, Martinez-Avelar filed a second motion to reopen in order to apply for asylum, withholding of removal, and deferral of removal under the Convention Against Torture. The BIA denied his second motion as untimely and number-barred.

Martinez-Avelar now petitions for review of the BIA's denial of his second motion to reopen. Because the motion to reopen is untimely and number-barred, and he has not provided evidence of material changed country conditions in El Salvador, we are compelled to deny the petition for review.

2. Martinez-Avelar failed to file his motion to reopen within ninety days of the date the final administrative decision was rendered and, therefore, his motion was untimely. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (citing 8 C.F.R. § 1003.2(c)(2)). Furthermore, "aliens are entitled to file only one motion to

reopen." *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008).

The time and numerical limitations, however, are subject to an exception for "motions filed for the purpose of applying or reapplying for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) (citation and quotation marks omitted). To satisfy the changed country conditions exception, the petitioner must:

> clear four hurdles: (1) he ha[s] to produce evidence that conditions ha[ve] changed in [his country of origin]; (2) the evidence ha[s] to be 'material;' (3) the evidence must not have been available and would not have been discovered or presented at the previous proceeding; and (4) he ha[s] to 'demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought.'

*Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2007) (internal citations omitted).

A. We are required to conclude that the BIA did not abuse its discretion in concluding that Martinez-Avelar failed to produce evidence of a significant change in country conditions. Petitioner did not provide any evidence that gang violence was more severe in 2014 than at the time of his first hearing in 2003. *Cf. Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013) (finding no material change in country conditions due to an alleged outbreak of violence in Indonesia because

4

"such violence was at most no different in degree from the violence that had been ongoing when [petitioner] left Indonesia in 1997.").

B. Even if we were to conclude that Martinez-Avelar's proposed "particular social group" is a cognizable basis for asylum,[1] we would be required to hold that the BIA also did not abuse its discretion in concluding that any changes in country conditions were immaterial to his claim. *See, e.g.*, *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016). None of the evidence he offers demonstrates an increase in violence with respect to individuals in this particular social group.

Because Martinez-Avelar has failed to establish a material change in country conditions in El Salvador, the BIA did not abuse its discretion in denying his motion to reopen as untimely and number-barred. Notwithstanding the substantial equities in Martinez-Avelar's case, this court does not have the authority to refuse to affirm the order of the BIA. The petition for review is **DENIED.**

---

[1] The BIA concluded that his proposed social group was not particularized and socially distinct. Because we determine that Martinez-Avelar's motion to reopen is time- and number-barred, we express no view as to whether his proposed social group was cognizable or as to whether he established a prima facie case for relief.