NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TENZEE LAMA-SHERPA, | No.     14-71198 |
| Petitioner, | Agency No. A200-941-944 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 11, 2017
San Francisco, California

Before:  BEA and N.R. SMITH, Circuit Judges, and LYNN,[**] Chief District Judge.

The Board of Immigration Appeals ("BIA") denied Petitioner Tenzee Lama-

Sherpa's motion to reopen immigration proceedings. Lama-Sherpa petitions this

Court for review of the denial by the BIA, which held that Lama-Sherpa did not

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

satisfy his burden to show the new evidence would likely change the result in his case. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's decision to deny a motion to reopen for abuse of discretion. *Fernandez v. Gonzales*, 439 F.3d 592, 601 (9th Cir. 2006). This Court defers to the BIA's decision to deny reopening unless it is "arbitrary, irrational, or contrary to law." *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). Aliens who seek to reopen proceedings "bear a 'heavy burden' of proving that if proceedings were reopened, the new evidence would likely change the result." *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008).

Lama-Sherpa argues an attack on his father by the Maoists is evidence of changed country conditions in Nepal that would lead to a different result in his case. However, "an individual who can relocate safely within his home country ordinarily cannot qualify for asylum." *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir. 2003) (quoting *INS v. Ventura*, 537 U.S. 12, 18 (2002)). The threats made against Lama-Sherpa and the physical violence against his father occurred in the city of Jiri. Lama-Sherpa left Jiri for Kathmandu, where no violence or threat of violence was made against him. Lama-Sherpa's parents also moved to and lived in Kathmandu for more than seven years, and they faced no violence or threat of violence there.

Lama-Sherpa provides no evidence that he could not reside unharmed in Kathmandu or elsewhere in Nepal, other than Jiri. There is also no evidence showing a material change in conditions in Nepal since the Immigration Judge's decision. Therefore, Lama-Sherpa did not meet his burden of proof that the new evidence would change the result in his case, a necessary prerequisite to reopening.

**PETITION DENIED.**