**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GURDEEP SINGH BALA,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.  15-72410

Agency No. A096-494-564

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2018[**]
San Francisco, California

Before:    TASHIMA, BERZON, and CHRISTEN, Circuit Judges.

Gurdeep Singh Bala, a native and citizen of India, petitions for review of a

final order of removal from the Board of Immigration Appeals ("BIA"), and of the

BIA's denial of a motion to reopen proceedings.  Bala sought relief on the grounds

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

that he suffered, and fears he will suffer, persecution because of his Sikh religion and related political activities. We dismiss in part and deny in part.

1.    To the extent the petition for review challenges the BIA's original December 22, 2010, decision denying asylum, withholding of removal and CAT protection, it is untimely. Even though the BIA remanded proceedings to the Immigration Judge ("IJ") for the IJ to give appropriate voluntary departure advisals, the BIA's denial of relief was still a "final order of removal" for the purposes of our review. *See Pinto v. Holder*, 648 F.3d 976, 980 (9th Cir. 2011). Bala did not file his petition for review until August 4, 2015, years after the 30-day period specified in 8 U.S.C. § 1252(b)(1) expired.

We therefore lack jurisdiction to review the BIA's original decision and must dismiss this portion of Bala's petition.

2.    The BIA did not abuse its discretion in denying Bala's motion to reopen proceedings. One basis for the BIA's original denial of relief was Bala's ability to relocate elsewhere in India. Bala argued in his motion to reopen that country conditions in India had deteriorated such that he could no longer safely relocate. To prevail on a motion to reopen on the basis of changed country conditions, a petitioner must submit new, material evidence that establishes prima facie eligibility for relief. *See Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir.

2

2017).  In other words, a petitioner "who seek[s] to remand or reopen proceedings to pursue relief bears a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case."  *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992)).

To support his motion to reopen, Bala submitted news articles about tenant registration drives in India that require landlords to record the identity of their tenants with local police.[1]  Bala argues that these registrations would allow the Punjab police to track his whereabouts to other parts of India.[2]  While it is true that the articles show efforts to register tenants, the efforts are seemingly targeted at preventing and solving common crime.  There is no evidence that police from different Indian states use, or could use, the tenant registration data to target Sikh political activists.  Therefore, Bala's proposed new evidence does not contradict the evidence on which the BIA originally relied in concluding that Bala could relocate.  Because the new evidence would not change the result, the BIA did not

---

[1]  Bala also submitted new evidence that the Punjab police had recently arrested his father and asked about Bala's whereabouts.  This fact does not contradict the BIA's conclusion that Bala could safely and reasonably relocate outside the Punjab region of India.

[2]  Bala's motion to reopen also suffers from the fact that evidence of tenant registration drives was available at the time of his original hearing.

abuse its discretion in denying Bala's motion to reopen proceedings. *See*

*Agonafer*, 859 F.3d at 1204 ("'The critical question is . . . whether circumstances

have changed sufficiently that a petitioner who previously did not have a legitimate

claim' now does.") (quoting *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004)).

We deny this portion of Bala's petition.

•  ●  •

The petition for review is

**DISMISSED in part and DENIED in part.**