NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELVERIO FRANCO FELIX, | No. 17-70252 |
| Petitioner, | Agency No. A200-705-923 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

Elverio Franco Felix, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for cancellation of

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

questions of law, and review for abuse of discretion the denial of a motion to remand. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1061-62 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Contrary to Franco Felix's contention, the BIA used the proper "future-oriented" standard in conducting its hardship determination. *See Figueroa v. Mukasey*, 543 F.3d 487, 497-98 (9th Cir. 2008). We reject Franco Felix's unsupported contention that the BIA failed to consider relevant evidence or arguments.

Because the BIA conducted a de novo review of the hardship determination, we do not consider Franco Felix's challenges to the IJ's hardship determination. *See Romero-Ruiz*, 538 F.3d at 1061 ("Where the BIA conducts an independent review of the IJ's findings, we review the BIA's decision and not that of the IJ.").

The BIA did not abuse its discretion or violate due process in declining to remand, where Franco Felix failed to show that his new evidence would likely change the result of his case. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008); *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

We lack jurisdiction to consider Franco Felix's unexhausted contentions regarding the alleged ineffective assistance of prior counsel. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

We do not consider the extra-record evidence submitted for the first time

with Franco Felix's opening brief. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**