NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN JOSE AGUILAR-URIAS,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-72528

Agency No. A205-509-464

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019[**]

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

Juan Jose Aguilar-Urias, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

questions of law. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

The record does not compel the conclusion that Aguilar-Urias established extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *see also Tamang*, 598 F.3d at 1090-91 (extraordinary circumstances did not excuse untimely asylum application where petitioner claimed ineffective assistance of counsel but failed to comply with *Matter of Lozada* requirements). We reject as unsupported by the record Aguilar-Urias' contention that the BIA ignored his ineffective assistance of counsel claim. Thus, we deny the petition for review as to Aguilar-Urias' asylum claim.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies between Aguilar-Urias' statement to a border agent, credible fear interview, declaration, and testimony as to the injuries he suffered at the hands of gang members and whether he feared returning to El Salvador. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Aguilar-Urias' explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

2                                                                          18-72528

Further, the BIA did not abuse its discretion in declining to remand for the IJ to consider new evidence, where Aguilar-Urias failed to demonstrate that the new evidence he sought to submit would likely have changed the outcome of his case. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (petitioners who seek to remand proceedings "bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." (citation omitted)); *see also Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008) (standard of review). Thus, in the absence of credible testimony, in this case, we deny the petition for review as to Aguilar-Urias' withholding of removal claim.

Substantial evidence also supports the agency's denial of Aguilar-Urias' CAT claim because it was based on the same evidence found not credible, and Aguilar-Urias does not point to any other evidence in the record that compels the conclusion that it is more likely than not his would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Shrestha*, 590 F.3d at 1048-49.

Finally, Aguilar-Urias' motion to reconsider the court's order entered on February 26, 2019 (Docket Entry No. 18) is denied as untimely.

**PETITION FOR REVIEW DENIED.**

18-72528