**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELFER ANTONIO PINEDA GUZMAN, <br><br> Petitioner, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | Nos.  18-71036 <br> 19-70934 <br><br> Agency No. A201-153-764 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2021[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and IKUTA and NGUYEN, Circuit Judges.

Elfer Pineda Guzman, a native and citizen of Honduras, petitions for review

of two orders of the Board of Immigration Appeals (BIA) denying his claim for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT) and denying his motion to reopen his case based on new evidence.

We have jurisdiction under 8 U.S.C. § 1252. We deny the Petition for Review. Because the parties are familiar with the history of this case, we need not recount it here.

## I

Substantial evidence supports the agency's denial of relief under the CAT. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078 (9th Cir. 2015) (stating substantial evidence standard). To obtain CAT relief, an applicant must show he is "more likely than not" to be tortured with government acquiescence upon removal. 8 C.F.R. § 208.16(c)(2); *Wakkary v. Holder*, 558 F.3d 1049, 1053 (9th Cir. 2009). Substantial evidence supports the BIA's conclusion that the recruitment attempts, robberies, and threats that Pineda Guzman and his family have experienced at the hands of Mara Salvatrucha (MS-13), Mara 18, and unidentified gang members do not demonstrate that Pineda Guzman would more likely than not be tortured upon removal to Honduras.

## II

The BIA did not abuse its discretion in denying Pineda Guzman's motion to reopen. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (stating abuse

of discretion standard).  New evidence presented in a motion to reopen must be material, must have been unavailable at the former hearing, and must be "likely [to] change the result in the case." *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008); 8 C.F.R. § 1003.2(c)(1).  However, the BIA has "discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."  8 C.F.R. § 1003.2(a).

The BIA reasonably concluded that Pineda Guzman's proffered evidence of a new threat against his brother and MS-13's recent political activity would not likely change the outcome of his case.  Its decision to deny Pineda Guzman's motion to reopen was therefore not "arbitrary, irrational, or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (quoting *Ahwazi v. INS*, 751 F.2d 1120, 1122 (9th Cir. 1985)).

**PETITION DENIED**.