**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBER ELIAS-VIVAS, AKA Gilber Ellas-Vivar,<br><br>              Petitioner,<br><br>     v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No.    20-70626<br><br>Agency No. A088-771-030<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2022[**]
Pasadena, California

Before:  BRESS and BUMATAY, Circuit Judges, and LASNIK,[***] District Judge.

Gilber Elias-Vivas petitions for review of the Board of Immigration Appeals'

("BIA") decision denying his applications for withholding of removal and protection

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        We previously granted the parties' joint motion to submit this case on the briefs.

[***]        The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

under the Convention Against Torture ("CAT").  We review agency findings of fact for substantial evidence.  8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).  We review questions of law and constitutional claims *de novo*. *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1023 (9th Cir. 2008).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.     Substantial evidence supports the denial of Elias-Vivas's withholding of removal claim.  To qualify for withholding of removal, an applicant must show that it is more likely than not that he will be persecuted on account of a protected ground (i.e., race, religion, nationality, membership in a particular social group, or political opinion).  *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017); 8 C.F.R. § 208.16(b).

Elias-Vivas argues that he will be persecuted on account of his familial ties, his status as a cooperating witness/victim, and an imputed "anti-organized crime" political opinion.  The BIA concluded that Elias-Vivas failed to demonstrate a nexus to a protected ground because Elias-Vivas's alleged persecutors were motivated solely by illicit financial gain, not animus towards his family, his political opinion, or any other protected ground.  Substantial evidence supports the BIA's conclusion because the record supports that Elias-Vivas's alleged persecutors targeted business owners, and began targeting Elias-Vivas and his family only after they began their businesses.  Moreover, Elias-Vivas testified that the extortionists targeted anyone

2

who had a business. Indeed, he also testified that the extortionists were harassing him because they thought he had money from his car business.

2.    Substantial evidence also supports the denial of Elias-Vivas's CAT application. An applicant for CAT protection has the burden of proving it is "more likely than not" that he will be tortured with the acquiescence of a public official if removed. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Maldonado v. Lynch*, 786 F.3d 1155, 1162 (9th Cir. 2015). The acquiescence of a "public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006) (simplified).

The BIA adopted the IJ's conclusion that Elias-Vivas failed to show that the Guatemalan government would acquiesce or consent to his torture by private actors. The IJ reasonably concluded that Elias-Vivas's fear of future torture was speculative. In addition, while the local police may have failed to prevent extortion against his father, country report evidence shows that Guatemala has taken steps to investigate and persecute those engaged in corrupt practices. *See Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam) ("[A] government does not 'acquiesce' to torture where the government actively, albeit not entirely successfully, combats the illegal activities . . . .") (simplified). Because the record does not compel

a reasonable adjudicator to find that a government official would likely acquiesce to Elias-Vivas's possible future torture, substantial evidence supports the BIA's decision.

3.	Even though Elias-Vivas made a passing reference to a due process violation in his opening brief, he provided no argument supporting such a claim and, therefore, it is forfeited. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

**DENIED.**