NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KELVIN HERNANDEZ-MENDOZA,

               Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   20-71390

Agency No. A216-051-376

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 10, 2022**
Seattle, Washington

Before: NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Kelvin Hernandez-Mendoza petitions for review of the Board of Immigration

Appeals' ("BIA") decision denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We review

the parts of the Immigration Judge's ("IJ") decision that the BIA incorporates.

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). We review for an abuse of discretion the BIA's conclusion that "an offense constitutes a particularly serious crime." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (simplified). We review agency findings of fact for substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Malkandi v. Holder*, 576 F.3d 906, 912 (9th Cir. 2008). We review questions of law and constitutional claims *de novo*. *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1023 (9th Cir. 2008). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.      We disagree with Hernandez-Mendoza that the IJ, and by extension the BIA, applied the wrong legal standard in concluding that he was convicted of a "particularly serious crime." An alien is statutorily ineligible for asylum and withholding of removal if he commits a "particularly serious crime." *See Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc) (citing 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii)). "[A] crime is particularly serious if the nature of the conviction, the underlying facts and circumstances and the sentence imposed justify the presumption that the convicted immigrant is a danger to the community." *Id.*

The IJ thoroughly considered these factors in determining that Hernandez-Mendoza's conviction for sexual abuse in the second degree in violation of Oregon Revised Statutes § 163.425 was a "particularly serious crime." The IJ examined

Hernandez-Mendoza's guilty plea, the imposed sentences, the police report of the incident, the physical examination performed on the victim, and the interviews of the victim, her roommate, and her mother, and the salient facts were corroborated or undisputed. *See Bare v. Barr*, 975 F.3d 952, 964 (9th Cir. 2020) ("The BIA may consider 'all reliable information' in determining whether a crime constitutes a particularly serious crime, which is a wide-reaching inquiry and includes consideration of conviction records, sentencing information, and 'other information outside the confines of a record of conviction.'" (simplified)). We see no legal error in the IJ's review of Hernandez-Mendoza's conviction.

The BIA and IJ also did not abuse their discretion in holding that the sexual abuse conviction was a "particularly serious crime." The IJ emphasized that Hernandez-Mendoza pleaded guilty to subjecting his victim to anal sex, which she did not consent to, and also compelled her to act by fear of physical injury. The IJ noted the resulting tears and discoloration to the victim's anus and injuries to her neck. The BIA's adoption of the IJ's decision was not arbitrary, irrational, or contrary to law.

2.    Substantial evidence supports the denial of Hernandez-Mendoza's CAT application for deferral of removal. An alien convicted of a particularly serious crime is not precluded from seeking deferral of removal under CAT. 8 C.F.R. §§ 1208.16(d)(2), 1208.17(a). An applicant for CAT protection has the burden of

3

proving it is "more likely than not" that he will be tortured with the acquiescence of a public official if removed. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Maldonado v. Lynch*, 786 F.3d 1155, 1162 (9th Cir. 2015) (en banc). The "[a]cquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006) (simplified).

The record supports the conclusion that Hernandez-Mendoza failed to show that it is more likely than not he would be tortured with the acquiescence of the Honduran government. Hernandez-Mendoza testified that he returned to Honduras on several occasions and has never been directly threatened or harmed by a gang member or government official in Honduras. Hernandez-Mendoza also testified that neither the founder nor the director of the organization he was involved with was threatened or harmed by anyone in Honduras. While Hernandez-Mendoza's country conditions expert points out that a similarly situated human rights defender was killed in 2006, the record shows that the perpetrators were arrested and prosecuted. The country conditions reports do not compel a conclusion contrary to the BIA's.

**PETITION DENIED.**

4