NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RANJIT SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   18-71256

Agency No. A073-399-833

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]
San Francisco, California

Before:  SILER,[***] M. SMITH, and BRESS, Circuit Judges.

Ranjit Singh, a citizen of India, petitions for review of a Board of Immigration

Appeals (BIA) decision denying his untimely and numerically barred motion to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

reopen his immigration proceedings, in which Singh sought asylum and withholding of removal. We review the denial of a motion to reopen for abuse of discretion and may grant relief only if the BIA's decision was "arbitrary, irrational, or contrary to law." *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017) (quoting *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)). We review the agency's factual findings for substantial evidence. *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

The BIA did not abuse its discretion in denying Singh's fourth motion to reopen, in which he alleged changed country conditions in India. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). To show that he was entitled to reopening on that basis, Singh had to:

> (1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings; and (4) "demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought."

*Agonafer*, 859 F.3d at 1204 (quoting *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008)).

The BIA did not abuse its discretion in concluding that Singh failed to show that conditions had materially worsened in India since his original immigration proceedings in 1996. The BIA could reasonably conclude that Singh's evidence that

he continued to be targeted by the Indian government because of his Sikh political affiliation and his support for a secessionist movement was not "qualitatively different" from the evidence that Singh had previously submitted when he first sought immigration relief. *See Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010). The record reflects that the BIA considered Singh's new evidence, which we may not reweigh in the first instance. *See Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir. 2009) (noting that for factual determinations, "[o]ur standard of review . . . does not enable us to substitute our judgment . . . for the BIA's").

The BIA also permissibly denied Singh's motion to reopen for the alternative reason that he had not established prima facie eligibility for relief. Singh bore the "heavy burden of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (quotations and citations omitted).

The BIA could reasonably conclude based on an Immigration Judge's (IJ) prior adverse credibility determination that Singh had not established a prima facie case for asylum or withholding of removal. An IJ had previously found that Singh's testimony was "full of inconsistencies, conclusional statements[,] and evasive answers," and that Singh had not been forthcoming about his own identity. *See Toufighi*, 538 F.3d at 996–97 (denying petition for review where the BIA considered prior adverse credibility findings in denying a motion to reopen). Singh has not

3

demonstrated that the BIA erred in concluding that he had not established prima facie eligibility for relief so as to warrant reopening of his long-closed immigration proceedings.

**PETITION DENIED.**