**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J. JESUS ALEJANDRO-BUENROSTRO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1034 <br><br> Agency No. A070-863-019 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2023**
Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

J. Jesus Alejandro-Buenrostro, a citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen cancellation of removal proceedings.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252, and review for abuse of discretion. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017); *Fernandez v. Gonzales*, 439 F.3d 592, 601–03 (9th Cir. 2006). We deny the petition.

1. "Aliens who seek to remand or reopen proceedings to pursue relief bear a heavy burden" of proof. *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (internal quotation marks omitted). "The [BIA] has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a).

Alejandro-Buenrostro filed a motion to reopen based on alleged exceptional circumstances arising from his role as a father and provider to U.S. born children. The BIA denied the motion, concluding the new evidence did not suggest hardship "substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here." *Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001). The BIA also noted it already considered the birth of Alejandro-Buenrostro's first child in its initial decision.

The BIA reasonably concluded that Alejandro-Buenrostro failed to substantiate an exceptional or extremely unusual hardship to a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(D). The new evidence accompanying the motion to reopen only confirmed the birth of one son and the pregnancy of his wife. As the BIA pointed out, Alejandro-Buenrostro does not provide any evidence of health concerns for his children or other issues that would cause exceptional and unusual

2

hardship. Instead, Alejandro-Buenrostro makes general claims about the level of danger, quality of education, and availability of work in Mexico. This is not enough to sustain his "heavy burden." *Shin*, 547 F.3d at 1025. The BIA did not abuse its discretion by denying Alejandro-Buenrostro's motion to reopen.

2. Alejandro-Buenrostro also alleges that his due process rights were violated but provides no further explanation or support for the claim. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (holding the petitioner must demonstrate error and substantial prejudice to prevail on a due process claim). The record shows that the BIA conducted an individualized analysis and explained why Alejandro-Buenrostro failed to meet the requirements for relief. *See Najmabadi v. Holder*, 597 F.3d 983, 990–91 (9th Cir. 2010) (holding the BIA did not abuse its discretion because it "adequately considered [the petitioner's] evidence and sufficiently announced its decision"). Alejandro-Buenrostro's due process claim fails.

**DENIED.**