NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KARLA BIVIAANA MATIAS MIRANDA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-71623

Agency No. A088-318-147

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2022**
Submission Vacated December 12, 2022
Resubmitted June 7, 2024
Phoenix, Arizona

Before:  WARDLAW and BUMATAY, Circuit Judges, and ZOUHARY,***
District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

Karla Matias Miranda (Matias), an ethnically indigenous native and citizen of Guatemala, petitions for review of an immigration judge's (IJ) decision affirming the Department of Homeland Security's (DHS) determination that she lacks a reasonable fear of persecution or torture in her country of removal. We have jurisdiction to review a negative reasonable fear determination under 8 C.F.R. § 208.31(g)(1). *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018). We deny the petition.

1. Matias first argues that the IJ erred in determining that she failed to establish a reasonable fear of persecution or torture. We review an IJ's reasonable fear determination for substantial evidence. *Id*. The record does not compel a finding that Matias established a "subjectively genuine and objectively reasonable" fear of future persecution or torture. *Id*. at 809. To support her claim of reasonable fear, Matias testified that, in November 2019, a group of unknown individuals targeted her for extortion and another group of unknown individuals harassed her after leaving a Catholic Church. But with the group of would-be extortionists, Matias confirmed that they targeted her "only because of the money." Thus, this episode was not on account of any protected ground. *See id*. at 814. And while she testified to being harassed and grabbed by the arm as she left church, Matias was not harmed and her family and fellow local congregants did not face similar treatment. Matias has had no problems with the Guatemalan police or government officials,

even if she subjectively believes that the government will be unable to protect her. Her testimony does not compel the conclusion that she will be targeted for persecution or torture if removed to Guatemala.

2. Matias also contends that the IJ violated her right to due process by (1) not considering her case de novo, (2) failing to develop the record, and (3) failing to fully consider her claim. We review claims of due process violations de novo. *Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021). To successfully attack immigration court proceedings on due process grounds, the petitioner must show "that the proceedings were manifestly unfair and that the actions of the [IJ] were such as to prevent a fair investigation." *Shin v. Mukasey*, 547 F.3d 1019, 1024 (9th Cir. 2008) (internal quotation marks omitted). In considering reasonable fear review hearings, we are mindful that they are not "full evidentiary hearings" and are "intended to be expedited and efficient." *Bartolome*, 904 F.3d at 813.

The record does not support Matias' due process complaints. The IJ confirmed that Matias was comfortable proceeding without counsel and that she could understand her translator. Matias affirmed the information that she provided to the asylum officer. The IJ found that the asylum officer diligently obtained and recorded the information in Matias' case. The IJ invited Matias to present evidence that she didn't share with the asylum officer. The IJ stated that she reviewed all the evidence de novo, and the record supports that statement. Matias' IJ proceedings

3

were not "manifestly unfair;" nor did they "prevent a fair investigation." *See Shin*, 547 F.3d at 1024.

**PETITION DENIED.**

4